### SICHOFSKY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3708.

1. War ⚫═33—Act regulating entry of aliens during war held not inoperative at date of sentence.

Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–7628h), authorizing the President, when the United States is at war, to impose additional restrictions and prohibitions on the entry of aliens into the United States, had not become inoperative, where, at the time sentence was imposed on defendant, no treaty of peace had been made, the declaration of war had not been repealed, and American troops were still on German soil.

2. War ⚫═4—Act regulating entry of aliens during war held based on power to regulate immigration, as well as war powers.

Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–7628h), authorizing the President, when the United States is at war, to impose additional restrictions and prohibitions on the entry of aliens into the United States, was supported by the power of Congress to regulate the entry of aliens, as well as by the war powers of Congress.

3. War ⚫═4—Act authorizing President to impose additional restrictions on entry of aliens during war not repealed by later act.

Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–7628h), authorizing the President, when the United States was at war,

to impose additional restrictions and prohibitions on the entry of aliens, was not repealed by Act Nov. 10, 1919, covering the same subject, and providing that it should go into effect when Act May 22, 1918, should cease to be operative, and continue in force until March 4, 1921; Act May 22, 1918, not having ceased to be operative.

**4. War ⊜⇒4—Entry in violation of executive order held within saving clause of repealing statute.**

Under Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628c–7628h), authorizing the President to impose additional restrictions and prohibitions on the entry of aliens, and prescribing the punishment for violations of the provisions of that act, or of any proclamation of the President promulgated, or of any permit, rule, or regulation issued, thereunder, defendant's entry without a proper passport required by an executive order thereunder was within the saving clause of the Joint Resolution of March 3, 1921, declaring certain war-time acts, regulations, and prohibitions terminated, but providing that this should not exempt from prosecution or relieve from punishment for offenses committed in violation of the acts repealed.

**5. Criminal law ⊜⇒102—Jurisdiction of offender not lost by short stays of execution, and by permitting trial in another court.**

The District Court did not lose jurisdiction of an offender by granting a stay of execution for 15 days after conviction and sentence, and permitting him to be tried for another offense in a state court, or by granting other short stays on defendant's application, or with his consent.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Albert Sichofsky, also known as Abram Sichofsky, was convicted of an offense, and he appeals. Affirmed.

For opinion below, see 273 Fed. 694.

John S. Cooper, Lewis D. Collings and George H. Shreve, all of Los Angeles, Cal., for appellant.

Robert O'Connor, U. S. Atty., and Mark L. Herron, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellant was sentenced in the court below upon his plea of guilty to an indictment which charged that on August 23, 1920, when the United States was at war with the Imperial German government, he did—

"knowingly, willfully, unlawfully, and feloniously enter and attempt to enter the United States from a foreign country, to wit, through the republic of Mexico, without a passport duly viséd in accordance with the terms of section 31 of the Executive Order of August 8, 1918, issued in pursuance of the Act of Congress approved May 22, 1918, 40 stat. 559."

The appellant appeals from the order of the court below, discharging the writ of habeas corpus and remanding him to the custody of the United States marshal, to abide the judgment of the court upon the indictment and his plea of guilty thereto.

[1, 2] It is contended that the indictment fails to charge a public offense, for the reason that the war ceased on November 11, 1918, and therewith ceased necessity for the law under which the appellant

was indicted; that the act of May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–7628h), being expressly limited in its terms to the period when the United States was at war, had become inoperative at the time when the appellant entered the United States. To this we cannot assent. At the time when sentence was imposed upon the appellant, the United States had made no treaty of peace with Germany, nor had Congress repealed the declaration of war. American troops still remained on German soil. Not only was the United States technically at war with the German Empire, but no status had been established in the negotiations between the two countries from which it could be held, as it was held in Hamilton v. Kentucky Distilleries Co., 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. 194, that, the reason for the statute having ceased, the statute itself ceased. The act under review in the Hamilton Case was based upon "the power to make all laws which shall be necessary and proper for the carrying into effect the war powers expressly granted." The act under which the appellant was sentenced is broader in its scope, in that in enacting it Congress exercised not only war powers, but a power independent thereof, the power to regulate the entry of aliens into the United States.

[3] It is contended that the statute was repealed by implication by the act of November 10, 1919 (41 Stat. 353), which act, it is said, covers the same subject, and by its own terms was to continue in force only "until and including the 4th day of March, 1921." But the act of November 10, 1919, contained the further provision that it should go into effect "upon the date when the provisions of the act of Congress approved the 22d day of May, 1918, * * * shall cease to be operative." The act of November 10, 1919, never did go into effect, for, as we have seen, the provisions of the act of May 22, 1918, did not cease to be operative.

[4] It is contended further that the act of May 22, 1918, was repealed by the joint resolution of March 3, 1921, § 3115, whereby certain war-time acts, resolutions, and prohibitions were declared terminated. But the resolution so referred to contains the following saving clause:

"Nothing herein contained shall be held to exempt from prosecution or to relieve from punishment any offense heretofore committed in violation of any act heretofore repealed or which may be committed while it remains in force as herein provided."

As to the saving clause the appellant argues that it covers only offenses committed in violation of the express terms of the acts referred to, and that it is not sufficiently broad to include offenses committed in violation of the executive order or proclamation issued under authority of the act of May 22, 1918. We do not assent to this narrow view of the effect of the saving clause. The act of May 22, 1918, provided in terms that, if the President should find that the public safety required it, he might impose such additional restrictions and prohibitions upon the departure of persons from and their entry into the United States. Section 3 of the act (section 7628g) provides for punishment for violation "of the provisions of this act, or of any * * *

proclamation of the President promulgated, or of any permit, rule or regulation issued thereunder."

[5] It is argued that the District Court lost jurisdiction of the appellant by virtue of the order which it made, after his conviction and sentence, permitting him to be tried in a state court for the crime of grand larceny. The facts were that the court below made an order staying the execution of the appellant's sentence for a period of 15 days, and directing that the marshal take the appellant to the courtroom of the superior court of Los Angeles county, State of California, at such times as the appellant's presence in the proceedings there pending against him under said indictment in that court should be required, and that the marshal keep the appellant in his custody for the purposes stated in the order. Pursuant to that order the appellant was taken to the superior court of Los Angeles county, and was there tried, convicted, and sentenced. Upon the application of the appellant, or with his consent, further stays were granted, and at the time of the hearing on the writ in the court below, he was still in the custody of the United States marshal in the county jail at Los Angeles. There was no point of time, therefore, at which the jurisdiction of the appellant was lost by the court below. It was lost neither by the brief stays of execution, nor by permitting the appellant to be tried in the state court. Whether the state court acquired jurisdiction is a question we need not consider. In the cases cited by the appellant there is nothing which leads to a different conclusion. United States v. Wilson (C. C.) 46 Fed. 748; Miner v. United States, 244 Fed. 422, 157 C. C. A. 48, 3 A. L. R. 995; Ex parte United States, 242 U. S. 27, 37 Sup. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355.

The judgment is affirmed.