UNITED STATES ex rel. MOORE et al. v.
TRAEGER.

ALBORI v. SITTEL.

MOORE v. SAME.

Nos. 5787, 5977.

Circuit Court of Appeals, Ninth Circuit.
Oct. 27, 1930.

Otto Christensen and Thomas P. White, both of Los Angeles, Cal., for appellants.

Samuel W. McNabb, U. S. Atty., and P. V. Davis, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee Sittel.

Buron R. Fitts, Dist. Atty., and Tracy Chatfield Becker, Deputy Dist. Atty., both of Los Angeles, Cal., for appellee Traeger.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

These are appeals from two orders of the court below, the first denying a petition for a writ of habeas corpus against the sheriff of Los Angeles county, the second denying a writ of mandamus against the United States marshal for the Southern District of California directing him to forthwith execute a commitment on a final judgment of the court be-

low, after affirmance by this court. So far as deemed material to a proper consideration of the questions presented by the several appeals, the facts are as follows: November 16, 1927, the appellant Albori was convicted in the court below on two counts of an information, the first charging unlawful possession of intoxicating liquor and the second the maintenance of a common nuisance. November 18, 1927, Albori was sentenced to pay a fine of $1,000 on the first count and to stand committed to the Los Angeles county jail until the fine was paid or until he was discharged by due process of law, and to imprisonment in the same jail for a term of six months on the second count, such sentence to commence to run on the expiration of the sentence for nonpayment of the fine on the first count. May 21, 1928, the last-mentioned judgment was affirmed by this court. October 23, 1928, the mandate issued commanding the court below to take such further proceedings in the case as according to right and justice and the laws of the United States ought to be had. October 30, 1928, the mandate was filed in the District Court and an order was there entered directing the United States marshal to execute the warrant of commitment. A warrant of commitment was accordingly issued, directing and commanding the marshal to commit Albori to the Los Angeles county jail pursuant to the judgment and sentence of the court. This commitment remained in the hands of the marshal without execution until April 15, 1929. On the latter date the order for the commitment was vacated and set aside and execution of the sentence suspended at the instance of the United States.

June 28, 1928, and July 2, 1928, two indictments were returned against Albori in the superior court of Los Angeles county charging an assault with a deadly weapon. September 7, 1928, he was convicted, and September 13, 1928, sentence of imprisonment for a term of from two to twenty years in the state penitentiary at San Quentin was pronounced. An appeal from this sentence was taken to the District Court of Appeals, where the conviction was affirmed and a remittitur issued on April 17, 1929. Albori has since been committed to the penitentiary, as directed by the state court, and is now confined therein.

The federal court having first taken jurisdiction of the person of Albori, no doubt the United States had a lawful right to insist that the sentence imposed by its own court should be first executed.

"The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose. Ponzi v. Fessenden, 258 U. S. 254, 260, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879."

But this right was the right of the United States, not the right of Albori, and the prior right of the government could be and was waived by the attorney general in consenting to and requesting the withdrawal of the commitment and the suspension of sentence. Ponzi v. Fessenden, supra. It clearly ♦ appears, therefore, that Albori is now lawfully confined in the state penitentiary at San Quentin in the custody of its warden, with the consent and acquiescence of the Attorney General, and it would be futile to issue a writ of habeas corpus against the sheriff commanding him to produce a prisoner who has already passed out of his custody and beyond his control. It would be equally futile to issue a writ of mandamus against the United States marshal commanding him to execute a process which he is powerless to execute.

The orders are therefore affirmed.