## ALBORI v. UNITED STATES.
### No. 7163.

Circuit Court of Appeals, Ninth Circuit.
Sept. 11, 1933.

WILBUR, Circuit Judge, dissenting.

Leo R. Friedman and Thomas T. Califro, both of San Francisco, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and P. V. Davis, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order of the District Court denying a petition for a writ of habeas corpus directed to A. C. Sittel, as United States marshal for the Southern District of California. The order of the court denying the writ is as follows:

"On this May 9th, 1933, the foregoing Petition for Writ of Habeas Corpus is considered.

"It is my opinion, from the facts alleged therein, as well as from knowledge of the records and files of this court, and the decisions of the Ninth Circuit Court of Appeals in Albori v. Sittel, reported in 44 F.(2d) 312, that all substantial issues raised by the petitioner have been previously determined adversely to him.

"Under such circumstances he is not entitled to the Writ of Habeas Corpus, and his application therefor is denied, and his petition therefor, filed herein May 8th, 1933, is dismissed. Exception noted."

Appellant's summary of the facts alleged in the petition, set forth in chronological order, is as follows:

On November 16, 1927, appellant, having previously been arrested and enlarged on bail, was convicted in the District Court for the Southern District of California on two counts of an information; the first charging unlawful possession of intoxicating liquor, and the second the maintenance of a common nuisance. On this date defendant was remanded to custody.

On November 18, 1927, appellant was sentenced to pay a fine of $1,000 on the first count, and to stand committed to the Los Angeles county jail until the fine was paid or until he was discharged by due process of law, and to imprisonment in the same jail for a term of six months on the second count; such sentence to commence to run on the expiration of the sentence for nonpayment of the fine on the first count. On this last-mentioned date an order was made allowing a writ of error to the Circuit Court of Appeals for the Ninth Circuit, granting a supersedeas, and appellant was thereupon released on bond pending the determination on the writ of error.

While appellant was out on bond, as aforesaid, and before the mandate of the Circuit Court of Appeals came down affirming the judgments, appellant was charged by two indictments returned to the superior court of the state of California, in and for the county of Los Angeles, with the commission of two felonies, and thereafter and on September 7, 1928, verdicts of guilty were returned in the state court on both of said indictments and defendant committed to the sheriff of Los Angeles county pending imposition of sentence.

On September 13, 1928, defendant was sentenced to state's prison by the state court on each of said indictments, and was denied bail pending appeal. A writ of probable cause was issued by the District Court of Appeal of California as a result of which appellant remained in the custody of the sheriff of Los Angeles county and in confinement in the county jail of said county pending the determination of the appeals in said state matters.

On October 30, 1928, and while appellant was still in the custody of said sheriff and in confinement in said county jail pending the determination of his appeals in said state matters, the mandate of this court, affirming his convictions and the judgments theretofore had and rendered in the District Court for the Southern District of California, as aforesaid, was spread upon the minutes of said District Court, and at that time the District Judge made an order directing the United States marshal to execute the commitment theretofore issued in said cause. On this last-mentioned date, the commitment being in the hands of the United States marshal the said marshal notified the sheriff of Los Angeles county, in whose custody appellant then was, to hold appellant subject to the judgment and pursuant to the authority conferred by said commitment issued in said federal criminal cause.

On January 25, 1929, the fine of $1,000 imposed upon him on the first count of said federal information was paid.

On April 20, 1929, over the protests and objections of appellant, appellant was surrendered by the United States to the officers

of the state of California in order that he be incarcerated in the state prison to serve the sentences imposed upon him in the state actions, and on April 20, 1929, appellant was delivered to the warden of the state prison at San Quentin and remained there serving the two sentences until April 26, 1933, when he was released on parole.

On February 2, 1931, the District Court for the Southern District of California issued a new commitment in the criminal action in which appellant had been convicted and in which he had already paid the fine imposed on the first count of the information therein.

On May 8, 1933, the United States marshal for the Southern District of California took appellant into his custody by virtue of the authority alleged to be conferred by the purported commitment issued on February 2, 1931.

We have omitted from the above summary all conclusions of law.

Section 755 of the Revised Statutes (28 USCA § 455) reads as follows: "The court, or justice, or judge to whom such application [for writ of habeas corpus] is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto. The writ shall be directed to the person in whose custody the party is detained."

■■ Appellant contends that as the statute just quoted makes it obligatory upon the court to issue the writ, unless it appears from the petition itself that the party is not entitled thereto, the court erred in considering the records and files of that court and the decision of this court, referred to above.

In the case of Ex parte Terry, 128 U. S. 289, 301, 9 S. Ct. 77, 78, 32 L. Ed. 405, the Supreme Court said: "Upon complaint in writing, signed by and verified by the oath of the person for whose relief it is intended, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known, it is the duty of the court to 'forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto.' Rev. St. §§ 754, 755. The writ need not, therefore, be awarded, if it appear upon the showing made by the petitioner that, if brought into court, and the cause of his commitment inquired into, he would be remanded to prison."

Later, in Wong Doo v. United States, 265 U. S. 239, 44 S. Ct. 524, 525, 68 L. Ed. 999: "In Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989, we held that in the federal courts the doctrine of res judicata does not apply to a refusal to discharge a prisoner on habeas corpus but that in those courts, where the prisoner presents a second petition, the weight to be given to the prior refusal is to be determined according to a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the subject."

■ While numerous questions are discussed in the briefs, we think the only one that merits serious consideration is whether or not petitioner's sentence commenced to run on October 30, 1928; that being the date on which the mandate of this court in the prior case was ordered spread upon the minutes of the District Court and on which the marshal was ordered to execute the commitment.

It appears from the petition that the marshal did not deliver a copy of the warrant of commitment, hereafter referred to as the commitment, to the sheriff of Los Angeles county, but, on the contrary, notified the sheriff to hold the petitioner (who was then in the custody of the sheriff and confined in the Los Angeles county jail pending the determination of petitioner's appeal in the state cause) subject to the judgment and pursuant to the authority conferred by the commitment issued by the District Court.

It further appears from the petition that on said last-mentioned date the United States attorney appeared as counsel for the United States and requested that the mandate of this court be spread upon the minutes of the District Court; that said District Court was apprised of the fact that the petitioner was then confined in the Los Angeles county jail; that a request was made by petitioner for stay of commitment for a period of 30 days; that the application for stay was denied; that the court ordered that said mandate be spread upon the minutes of the District Court; and that the marshal be directed to execute the commitment.

"The federal court having first taken jurisdiction of the person of Albori, no doubt the United States had a lawful right to insist that the sentence imposed by its own court should be first executed." Albori v. Sittel, supra (C. C. A.) 44 F.(2d) 312, 313.

Up to that time the United States had not waived its jurisdiction of the person of petitioner, and, as stated by this court on the former appeal, the commitment remained in the hands of the marshal without execution until April 15, 1929.

"On the latter date the order for the commitment was vacated and set aside and execution of the sentence suspended at the instance of the United States." Albori v. Sittel, supra.

The question is, Did the failure on the part of the marshal to execute the commitment postpone the beginning of the sentence? We think not.

If petitioner stood committed by virtue of the judgment and sentence of the court, as seems to have been held in the case of Howard v. United States (C. C. A.) 75 F. 986, 34 L. R. A. 509, then it is immaterial whether the commitment was ever served by the marshal. The prisoner being safely confined in the county jail, where he was ordered to serve his sentence, there was no office for the commitment to perform. Howard v. United States, supra.

The commitment simply authorized and directed the marshal to carry into execution the judgment and sentence of the court. At that time, there being no waiver on the part of the United States of its prior right to have the defendant serve his sentence, the sentence commenced to run on the date the order was made and continued to run until the government, by direction of the Attorney General, waived its prior right in favor of the state, and consented to the suspension of the sentence. See In re Jennings (C. C.) 118 F. 479, and Sichofsky v. U. S. (C. C. A.) 277 F. 762.

The government concedes that, "unless a sentence is interrupted by escape of the convict, or by a violation of his parole, or some other fault of the prisoner, he cannot be compelled to serve his term in installments," but insists that that question is not involved here, for the reason that the service of the sentence imposed by the District Court had never begun.

As stated above, we are of opinion that the sentence began to run on October 30, 1928, and that the same was interrupted by the voluntary act of the United States. It therefore follows that the defendant has, in contemplation of law, served for the full period of time fixed by the judgment and sentence of the court.

The judgment of the District Court is reversed, and the cause remanded, with instructions to issue the writ, and for other proceedings not inconsistent with this opinion; mandate to issue forthwith.

WILBUR, Circuit Judge.

I dissent. The petitioner was in the custody of the sheriff of Los Angeles county at the time of the issuance of the commitment by the United States District Court. Nothing was done to change the custody from the sheriff to that of the United States marshal, other than the request of the marshal for the sheriff to hold the prisoner for him. The sheriff did not agree to do so, and, if we assume that he had the authority to surrender the prisoner to the federal authorities without any action by the state court under whose process the sheriff held the prisoner, the fact is that he did not do so. Under these circumstances, the fact that the petitioner was actually imprisoned in the county jail in no way entitles him to credit for the time served upon the judgment of the United States District Court while he was held in the county jail under commitment from the state court.

I agree with the majority in the conclusion that if he had actually been imprisoned in the county jail by reason of the judgment and sentence in the United States District Court, the actual issuance of the commitment and service thereof would be immaterial. This rule is not applicable in the case at bar, for the reason that he was held in the county jail under the process of the state court, not the federal court. Although the federal court had prior jurisdiction, which it was entitled to assert as against the superior court, a mere telephone call from the marshal to the sheriff, without an agreement on the part of the sheriff to hold the prisoner under the federal process, would not change the custody of the prisoner.