No. 80-233

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

STATE OF MONTANA,

                Plaintiff and Respondent,

      -vs-

JAMES JOSEPH MAIN, SR., and
VERNIE MAIN,

                Defendants and Appellants.


Appeal from:  District Court of the Twelfth Judicial District,
             In and for the County of Blaine, The Honorable
             B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Francis X. Lamebull, Harlem, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Frank Altman, City Attorney, Harlem, Montana


              Submitted on Briefs:  October 23, 1980

                      Decided:  February 11, 1981

Filed: **FEB 11 1981**

*Thomas J. Kearney*
                   Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants James Joseph Main and Vernie Main were each convicted of one count of disorderly conduct in the City Court of Harlem, Montana. Their appeal to the Twelfth Judicial District Court, Blaine County, was dismissed for failure to cause timely transmission of the record. Mains appeal from the order of dismissal.

Defendants raise the following issues:

1. Were defendants' appeals properly dismissed for failure to cause timely transmission of the city court record?

2. Are defendants entitled to appointed counsel on appeal to the District Court?

During the evening of August 25, 1979, while defendants were patronizing Kennedy's Bar in Harlem, their son arrived and informed them he had been stabbed in the abdomen. Defendants thereupon set out in search of the suspected assailant, apparently intent on exacting revenge. Their quest took them to a Harlem trailer court where they engaged in the conduct which resulted in the charge before us.

Defendants were convicted of disorderly conduct following a jury trial in Harlem City Court on December 14, 1979. On the same date, the court orally imposed judgment and sentence, and made a minute entry setting forth the judgment and sentence. On December 24, 1979, defendants filed notices of appeal from the City Court judgment. Defense counsel apparently requested the City Court to transfer the record to the District Court on January 25, 1980. Documents from the Police Court record were forwarded to the District Court on January 28, 1980, and were received on January 29, 1980, 35 days after the notices of appeal were filed.

-2-

On February 11, 1980, the City of Harlem filed motions to dismiss the appeals for failure to transmit the records within the time period allowed in section 46-17-311(3), MCA. On March 17, 1980, the District Court ordered dismissal of defendants' appeals, and ruled the question of appointed counsel moot.

Section 46-17-311, MCA, provides:

"Appeal. (1) All cases on appeal from justices' or city courts must be tried anew in the district court and may be tried before a jury of six selected in the same manner as a trial jury in a civil action, except that the total number of jurors drawn shall be at least six plus the total number of peremptory challenges.

"(2) The defendant may appeal to the district court by giving written notice of his intention to appeal within 10 days after judgment.

"(3) Within 30 days, the entire record of the justice's or city court proceedings must be transferred to the district court or the appeal must be dismissed. It is the duty of the defendant to perfect the appeal."

Defendants advance four separate arguments which they assert should relieve them from operation of the 30-day statutory time limit.

Defendants first argue that they have yet to be served with written notice of the judgments, and the 30-day limit cannot commence until such notice is received. In State v. Mortenson (1978), 175 Mont. 403, 574 P.2d 581, this Court held the time for filing a notice of appeal runs from the oral pronouncement of judgment in open court. Defendants met their 10-day limit in this regard. We similarly hold here the time allowable for transmission of the record is not dependent upon written judgment where there has been an oral pronouncement of the same in open court.

Defendants next maintain that the time limit should be tolled during any time spent briefing the preliminary matter

-3-

of eligibility for appointed counsel. We find this argument without merit. Defendants have not noted any authority, nor have we discovered any, which would support their position. To the contrary, however, timely transmission of the record could not in any way have hampered defense counsel's efforts on the preliminary matter; and parts of the record would clearly have been relevant to the District Court's inquiry into the issue. The preliminary inquiry into the defendants' indigence did not act to excuse them from their statutory duty to cause transmission of the record.

Defendants also submit their statutory obligation was satisfied by an alleged but unsubstantiated telephone call on January 23, 1980, to the City Court magistrate requesting transmission of the records. Regardless of the date of the initial request, the records were not forwarded until January 28, 1980. The criminal procedure code should be considered in its entirety to determine the effect of any one section. State v. Bush (1974), 164 Mont. 81, 518 P.2d 1406. In this instance, section 46-20-311(2), MCA, indicates transmission of records is effected only when the clerk forwards such records. The duty to perfect an appeal is expressly directed to be that of the defendant. State ex rel. Ross v. Mallory (1979), ___ Mont. ___, 601 P.2d 385, 36 St.Rep. 1717. Defendants' failure to perfect their appeals by seeing the records actually in transit within the time limit mandated the dismissals pursuant to section 46-17-311(3), MCA, notwithstanding their unsuccessful eleventh hour efforts to cause transmission of those records.

Defendants finally assert, relying on State v. Frodsham (1961), 139 Mont. 222, 362 P.2d 413, that they should be entitled to trial de novo at the District Court level because

-4-

the appeals were not perfected solely due to ineffectiveness of counsel. Defendants' reliance on Frodsham is misplaced. In that case this Court first dismissed the appeal, then considered the substantive issues in dicta and ultimately found no reversible error in the lower court proceedings. The Frodsham court specifically stated it did not wish to establish precedent in reviewing the issues. In any event, it would have been for the District Court, had it so desired, to review the issues as in Frodsham. We will not, based on tenuous rationale, excuse defendants' failure to meet explicit statutory requirements.

The District Court properly dismissed defendants' appeals pursuant to section 46-17-311(3), MCA. The dismissals having been properly entered, the related question of defendants' rights to appointed counsel for purposes of trial de novo on appeal is moot.

Affirmed.

_John C. Sheehy_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_
Justices

This cause was submitted prior to January 5, 1981.

-5-