No. 81-306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

Plaintiff and Appellant,

vs.

ROBERT V. CRANE,

Defendant and Respondent.

---

Appeal from: District Court of the First Judicial District,
In and for the County of Lewis and Clark
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Charles A. Graveley, County Attorney, Helena, Montana

For Respondent:

William Dee Morris, Missoula, Montana

---

Submitted on briefs: September 3, 1981

Decided: JAN 21 1982

Filed: JAN 21 1982

_____
Thomas J. Kennedy
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The State of Montana appeals a First Judicial District decision granting defendant Robert Crane habeas corpus and releasing him from jail after serving forty-four days of his 121-day sentence.

On July 7, 1978, the Montana Department of Revenue filed a complaint against Robert Crane, d/b/a Crane's Fabrics, for violation of section 84-2401, R.C.M. 1947 (now section 15-57-102, MCA), operating a store without a valid retail license. Such violation is a misdemeanor under section 84-2411, R.C.M. 1947 (now section 15-57-110, MCA). Crane was tried and convicted by a six-person jury on December 13, 1978. On January 4, 1979, he was fined $1,200, of which $1,000 would be suspended if Crane purchased the $11.00 license within twelve days.

On January 12, 1979, Crane filed a notice of appeal with the Justice of the Peace, but he failed to have the court records transferred to the District Court. The Department of Revenue moved to revoke the suspended sentence. The Justice of the Peace gave Crane until July 2, 1979, to pay the entire $1,200 fine or face a 121-day jail sentence ($10 a day, plus one day for contempt). No fine was paid, and the Department of Revenue petitioned the Justice of the Peace to set a date for Crane to show cause why he should not be held in contempt. A show cause hearing was held on February 6, 1981, and on February 9, 1981, Crane was ordered to pay the fine by February 15, 1981, or go to jail. On February 16, 1981, Crane appeared at the Lewis and Clark County jail and began serving his 121-day sentence.

Crane petitioned the First Judicial District Court

for a writ of certiorari but was granted a writ of habeas corpus. The District Court found that $200, not $1,200, was the proper fine and released Crane from jail, as he had already served forty-four days, which at $10 a day far exceeded the $200 fine. The State of Montana appeals the District Court's decision.

Throughout this case Crane has claimed that he transferred all his property to the Freedom Church, which he founded in 1976 and which met at the "Crane's Fabrics" store until it burned. He also claims he has taken vows of poverty and is thus indigent. Therefore, he claims he cannot afford to pay taxes, fines or attorney fees. He has proceeded pro se with the exception of some voluntary legal assistance on his brief for this appeal. Regardless of whether Crane has the money, it is the Freedom Church's position, and his position, that the retail license tax is unconstitutional, and Crane therefore refuses to pay it.

Four issues are raised on appeal: (1) Did the defendant properly perfect his appeal to the District Court? (2) Did the District Court have jurisdiction to grant a writ of certiorari? (3) Did the District Court have jurisdiction to grant a writ of habeas corpus? (4) Did the District Court err in reducing the fine from $1,200 to $200?

The first issue presented on appeal is whether the defendant properly perfected his appeal to the District Court. We find that he did not.

The pertinent Montana statute, section 95-2009, R.C.M. 1947 (now section 46-17-311, MCA), provides in part:

> "(2) The defendant may appeal to the district court by giving written notice of his intention to appeal within 10 days after judgment.

"(3) Within 30 days, the entire record of the justice or police court proceedings must be transferred to the district court or the appeal must be dismissed. It is the duty of the defendant to perfect the appeal." (Emphasis added.)

Although the defendant filed the necessary written notice, he did not have the court records transferred to the District Court within thirty days or within a forty-five-day extension. As the above statute provides, and as this Court has strictly construed, it is the defendant's duty to perfect the appeal. State v. Main (1981), _____ Mont. _____, 623 P.2d 1382, 1383-1384, 38 St.Rep. 205 (appeal dismissed because court records were not properly transferred); State ex rel. Ross v. Mallory (1979), ___ Mont. ___, 601 P.2d 385, 385-386, 36 St.Rep. 1717 (written appeal given to wrong court); State v. Mortenson (1978), 175 Mont. 403, 574 P.2d 581, 582 (no written appeal within ten days of oral judgment); State v. Bush (1974), 164 Mont. 81, 518 P.2d 1406, 1407 (appeal bond was not posted). Thus, the defendant waived his appeal by failing to perfect it.

The second issue presented on appeal is whether the District Court had jurisdiction to grant a writ of certiorari. We hold that it did not.

Montana statute, section 93-9002, R.C.M. 1947 (now section 27-25-101 et seq., MCA), provides that certiorari may be granted "by the district court . . . [1] when an inferior tribunal . . . has exceeded the jurisdiction of such tribunal . . . and [2] there is no appeal, [3] nor, in the judgment of the court, any plain, speedy, and adequate remedy." See also, Matter of DeWar (1976), 169 Mont. 437, 548 P.2d 149, 153. If any one of the three necessary elements is missing, certiorari cannot be granted. State v.

District Court (1948), 122 Mont. 61, 198 P.2d 761, 765.

There has been no evidence presented, or authority cited, indicating that the Justice of the Peace Court exceeded its jurisdiction. Appeal, which is a "plain, speedy, and adequate remedy," was available but was not perfected. Thus, all three elements necessary for the District Court to grant certiorari are missing, and the District Court had no jurisdiction to grant certiorari. See, e.g., McVay v. McVay (1954), 128 Mont. 31, 270 P.2d 393, 395 (no certiorari available when appeal waived); State v. District Court (1952), 125 Mont. 481, 240 P.2d 854, 861 (no certiorari granted if appeal available); White v. Corbett (1935), 101 Mont. 1, 52 P.2d 156, 157 (no certiorari granted if appeal available).

The third issue raised on appeal is whether the District Court had jurisdiction to grant a writ of habeas corpus. We hold that it did not.

Montana statute clearly outlines the prerequisites for a writ of habeas corpus. Requirements which have not been met in the instant case include: (1) application for writ, section 46-22-201, MCA; (2) verification by oath or affirmation, section 46-22-201, MCA; (3) service to county attorney, section 46-22-205, MCA; (4) hearing, section 46-22-304, MCA; and (4) production of evidence, section 46-22-305, MCA.

At the defendant's hearing on his application for writ of certiorari, the court decided to treat the application as one for habeas corpus. As previously noted, the defendant here failed to properly prepare a petition for habeas corpus, and the District Court did not have juris-

-5-

diction to consider such a writ. See, Stubben v. Flathead Cty. Dept. of Public Welfare (1976), 171 Mont. 111, 556 P.2d 904. However, this Court or the District Court will liberally construe a jailed pro se defendant's petition for relief.

> ". . . we realize there will be many cases where prisoners may have good grounds for petitioning this Court for relief and are unable to secure the assistance of an attorney because of their financial condition, or otherwise. In those instances we give every reasonable inference that we can to such petitions to see whether the same are sufficient to justify a hearing upon the issues raised, if any." Brake v. State (Okl. 1963), 380 P.2d 95, 96.

The facts determined by the District Court suggest that there was a proper basis for a petition of habeas corpus if one had been properly prepared and served.

The fourth issue raised on appeal is whether the District Court erred in reducing the fine from $1,200 to $200. Because of our holding in this case, we need not address this issue.

We reverse and remand this matter to the District Court with directions that the matter be held in abeyance for a period of thirty days during which time the petitioner shall prepare, serve and submit a properly prepared petition in habeas corpus for the court's consideration.

_____
                        Justice

We concur:

_Gene B. Daly_

_Fred J. Weber_

_Daniel J. Shea_

_Frank B. Morrison_

Justices