No. 82-123

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

        Plaintiff and Respondent,

    -vs-

ANTHONY DUBRAY,

        Defendant and Appellant.

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Lake, The Honorable
              Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Richard J. Pinsoneault, St. Ignatius, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Richard P. Heinz, County Attorney, Polson, Montana

                        Submitted on Briefs:  July 1, 1982

                                    Decided:  December 2, 1982

Filed:  DEC - 2 1982

_____
            Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant appeals a Lake County District Court order dismissing his appeal from Justice Court. On October 9, 1981, a Justice Court in Ronan, sitting without a jury, convicted defendant of driving while under the influence of intoxicating liquor, and imposed a $300 fine ($150 suspended).

Immediately after trial, defendant's counsel notified the Justice Court judge, and clerk, that there would be an appeal. Within six days after trial, defendant's attorney mailed a notice of appeal, a motion for stay of enforcement of judgment, and an order for the justice of the peace's signature. In a letter accompanying these documents, the defendant also directed the Justice Court to transmit the record to the District Court. Within five days, the Justice Court signed the stay of execution, but failed to transmit the record to the District Court as the defendant had requested.

The first indication the defendant had, that the Justice Court had not transmitted the record, came approximately four months after he filed the notice of appeal. At that time, the county attorney's office filed a motion to dismiss the appeal in the District Court because the record had not been transmitted from the Justice Court. The District Court held a hearing on the motion and received testimony from both the justice of the peace and the clerk for the Justice Court. During the hearing, the clerk testified that she had prepared the record for transmittal, but for some reason overlooked actually mailing it to the District Court. The District Court then ordered the appeal dismissed, because the record had not been transmitted within 30 days of the date of judgment, as required under section 46-17-311(3), MCA, which states:

-2-

"Within 30 days, the entire record of the justice's or city court proceedings must be transferred to the district court or the appeal must be dismissed. It is the duty of the defendant to perfect the appeal."

In his appeal to this Court, the defendant raises the following issue:

"Has a defendant perfected an appeal from a justice court in Montana when he has accomplished the following:

"a.  Personally notified the justice court judge and the clerk immediately after trial that there would be an appeal.

"b.  Within six days after trial mailed to the justice court a Notice of Appeal, a Motion to Stay Enforcement of Judgment and an Order for the judge's signature.

"c.  Within six days after trial requested the justice court to forward the record to the clerk of the district court.

"d.  Posted an appropriate appeal bond?"

We order the District Court to reinstate the appeal. The inquiry focuses on the meaning of the statement in section 46-17-311(3) stating: "It is the duty of the defendant to perfect the appeal." We conclude that if all other procedures have been followed, and the defendant requests the justice court to transmit a record to a higher court, he has perfected the appeal.

This holding is necessary to guarantee fairness to defendants desiring to appeal from a justice court judgment. The justice court has complete control over the record of a proceeding in its court and therefore the justice court should be responsible for any physical transmittal of the record. In fact, in civil cases, the justice of the peace has an affirmative statutory duty to transmit the record to the district court. Section 25-33-104, MCA states: "Upon the filing of the notice of appeal . . . the justice or

-3-

judge must, within 10 days . . . transmit to the clerk of the District Court a certified copy [of all papers in the case]." If the legislature intended to impose this duty on justice courts in civil cases, we see no harm in imposing the same requirement in criminal cases.

This duty is necessary to insure that a defendant appealing from a justice court (or city court) will in fact get his case to the district court to hear the appeal. Failure or refusal of the justice court to transmit the record would otherwise mean that a defendant's appeal could be effectively cut off. The statutory language of section 46-17-311(3), MCA, that it is the duty of the defendant to perfect the appeal, does not impose on him the burden of physically transferring the record from the justice court to the district court. It is not the case in civil proceedings, and it should not be the case in criminal proceedings.

The State argues that this Court has, in construing section 46-17-~~133~~ 311, already imposed the absolute duty on the defendant to physically transmit the record to the District Court. Although the State cites several cases to support the proposition that we have dismissed appeals because the appellant failed to strictly follow the requirements of the statute, none of those cases involve a similar factual situation. In each of those cases the appellant failed to timely request the Justice Court to transmit the record to the District Court. For example, in State v. Crane (1982), ____ Mont. ____, 639 P.2d 514, 39 St.Rep. 126, the appellant had filed his notice of appeal but had not requested the Justice Court to transmit the record because of the mistaken assumption that the record would be transmitted simply because a notice of appeal was filed. In this case, however,

-4-

the defendant, before the expiration of the 30 days, did everything possible to perfect his appeal, including a written request to the Justice Court to transmit the record to the District Court.

In State v. Main (1981), ___ Mont. ___, 623 P.2d 1382, 38 St.Rep. 205, we upheld the District Court dismissal of an appeal from Justice Court because the appellant had not requested the Justice Court to transmit the record before the expiration of the 30 days required for perfection of an appeal. In this case, however, six days after the judgment was entered, defendant gave a written request to the Justice Court to transmit the record to District Court. Surely he had a right to expect that the Justice Court would timely honor his request. To hold otherwise would be to hold that the appeal statutes are a trap for the unwary, rather than a device to assure timely review of a lower court judgment.

We hold that a defendant perfects an appeal from a justice court to a district court when he requests the justice court to transmit the record and fulfills all of the other criteria mandated in section 46-17-311, MCA.

The District Court order dismissing defendant's appeal from Justice Court is set aside and the appeal is reinstated.

_____
Justice

We Concur:

_____
Chief Justice

-5-

_Jno. B. Daly_

_John Conway Harrison_

_____
Justices