No. 84-442

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

CITY OF BILLINGS, STATE OF
MONTANA,

Plaintiff and Respondent,

-vs-

JOHNNY SEIFFERT,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry L. Seiffert, Billings, Montana

For Respondent:

Bonnie J. Sutherland, Asst. City Attorney, Billings,
Montana

Submitted on Briefs: Dec. 20, 1984

Decided: April 8, 1985

Filed: APR 8 - 1985

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant Johnny Seiffert appeals from the dismissal by the Yellowstone County District Court of his appeal from Billings City Court. The District Court dismissed the appeal on grounds that the defendant failed to see that the City Court record was transferred within the statutory period. We vacate and remand for further proceedings.

The issue is whether the District Court erred in dismissing defendant's appeal from the City Court to the District Court because of the defendant's failure to secure transmission of the record to the District Court within the statutory 30-day period.

On May 10, 1984, the defendant was convicted in Billings City Court of the offense of driving while under the influence of alcohol. On the same date, defendant forwarded his notice of appeal to the City Court clerk. The entire record of the City Court proceedings was filed with the District Court on June 14, 1984, 35 days after the judgment was entered and the notice of appeal filed. Upon the motion of the City, the District Court dismissed the defendant's appeal on September 12, 1984, on the ground that the defendant failed to perfect his appeal by actually seeing that the records of the City Court were in transit within the 30-day statutory period.

The controlling statute on appeal from the City Court is § 46-17-311, MCA, which in pertinent part provides as follows:

". . .

"(3) Within 30 days, the entire record of the justice's or city court proceedings must be transferred to the district court or the appeal must be dismissed. It is the duty of the defendant to perfect the appeal."

2

This section must be applied in this case consistent with the holdings of this Court in State v. Main (Mont. 1981), 623 P.2d 1382, 38 St.Rep. 205, and State v. Dubray (Mont. 1982), 654 P.2d 970, 39 St.Rep. 2142.

In Main, the defendant's only request for transmission of the record was made by defense counsel after expiration of the 30-day statutory period. This Court noted that the defendant alleged but failed to substantiate a telephone call to the City Court requesting transmission of the record within the 30-day statutory period. Main, 623 P.2d at 1383, 38 St.Rep. at 206-07.

In Dubray, this Court held that where the defendant requested transmission of the record within the 30-day statutory period and fulfilled the other requirements of § 46-17-311, MCA, the appeal had been perfected. Dubray, 654 P.2d at 971-72, 39 St.Rep. at 2144-45. The distinction between Main and Dubray lies in the defendant's request or failure to request transmission of the record within the 30-day statutory period. Dubray, 654 P.2d at 972, 39 St.Rep. at 2144-45 (distinguishing Main based upon failure to request transmission of the record before expiration of the 30-day period).

Here, the District Court made no finding as to whether defense counsel requested transmission of the record within the 30-day statutory period. The District Court's order dismissing the appeal noted the parties' allegations on this factual point and stated that the parties dispute whether defense counsel requested transmission of the record within the 30-day period. The District Court concluded that regardless of when defendant initially requested transmission of the record, he had failed to perfect the appeal because he failed to see that the record was actually transferred. In

3

light of <u>Main</u> and <u>Dubray</u>, this was an erroneous legal conclusion.

The record shows that defense counsel alleges he called the City Court regarding the appeal on May 24, 1980, and was "assured that there was no problem with the appeal." The record also shows that in a letter to the City Court dated June 4, 1984, within the 30-day statutory period, defense counsel asked that he be advised whether or not the appeal had been perfected. However, this letter did not request or mention transmission of the record. A second letter, dated June 12, 1984, after expiration of the 30-day period, again asks that defense counsel be advised whether the appeal has been perfected. The letter also states, "I am assuming that [the appeal] has been perfected as the notice has been filed some time ago." The City Court clerk stated in her affidavit that defense counsel did not appear personally to request the record for transmission to the District Court nor inform her of the 30-day time period for transmission of the record. The record is unclear whether defense counsel actually requested transmission of the record. Resolution of this factual issue is necessary to a determination of whether defendant's appeal was perfected under § 46-17-311, MCA, as required by <u>Main</u> and <u>Dubray</u>.

We vacate the District Court's order dismissing defendant's appeal and remand for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

4

_John C. Shelly_

_William E. Hurst_

_P. C. Gulbrandson._

Justices