Robert Lee **MOBLEY**,
Petitioner-Appellant,

*v.*

Richard L. **DUGGER**, Jim Smith, etc.,
Respondents-Appellees.

No. 85-5896.

United States Court of Appeals,
Eleventh Circuit.

Aug. 7, 1987.

Leonard J. Cooperman, Ferguson & Ferguson, P.A., Miami, Fla., for petitioner-appellant.

Jim Smith, Atty. Gen., Tallahassee, Fla., Calianne P. Lantz, Ralph Barreira, Asst. Attys. Gen., Florida Dept. of Legal Affairs, Miami, Fla., for respondents-appellees.

Before VANCE and ANDERSON, Circuit Judges, and WISDOM,[*] Senior Circuit Judge.

VANCE, Circuit Judge:

This is an appeal from a denial of habeas corpus. Robert Lee Mobley seeks habeas relief based on the seven year delay between the affirmation of Mobley's conviction and his incarceration. We affirm the decision of the lower court.

On April 7, 1976, a Florida court convicted Mobley of one count of Breaking and Entering Dwelling and Unlawfully Assaulting Person Therein and one count of Grand Larceny. The court sentenced Mobley to concurrent terms of twenty-five and five years, but released him on supersedeas bond pending appeal. Mobley's attorney, the assistant public defender, eventually filed a memorandum brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and withdrew from the case. On October 21, 1976, the state appellate court ordered that Mobley be given a copy of the *Anders* brief and granted Mobley an additional thirty days to file a statement of points. On December 23, 1976, the appellate court affirmed Mobley's conviction and sentences after receiving no response from Mobley. The mandate was issued by the appellate court on January 11, 1977, and docketed by the circuit court on January 12, 1977. No capias was issued, however, and Mobley was not taken back into custody.

During the early stages of his appeal, Mobley called the clerk's office several times to inquire about its status. Mobley denies that he ever received notification that his attorney withdrew or that his conviction was upheld. For the next seven years, Mobley continued to live openly in Miami under his own name. Finally, on December 30, 1983, Mobley was arrested and incarcerated pursuant to an alias capias which had been issued on September 22, 1983.

██ Mobley argues that the due process clause of the Fourteenth Amendment accords a prisoner the right "to re-establish himself and live down his past," *see White v. Pearlman*, 42 F.2d 788, 789 (10th Cir. 1930), and that the state violates this right when it delays the incarceration of a prisoner for an inordinate amount of time. Such a due process right, if it indeed exists, takes life from the constitutional protection against arbitrary and capricious state action. *See Shelton v. Ciccone*, 578 F.2d 1241, 1245 (8th Cir.1978). Accordingly, we have held that:

> [In order for a delay in the execution of a sentence to be repugnant to the Fourteenth Amendment], it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even nation.

arguable lack of interest. Rather the waiving state's action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with "fundamental principles of liberty and justice" to require a legal sentence to be served in the aftermath of such action or inaction.

*Piper v. Estelle,* 485 F.2d 245, 246 (5th Cir.1973); *accord Shelton v. Ciccone,* 578 F.2d at 1244; *see, e.g., Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967) (twenty-eight year delay in a prisoner's incarceration denies due process). Obviously, the state does not deny a prisoner due process when the prisoner himself is responsible for the delay. *Albori v. United States,* 67 F.2d 4, 7 (9th Cir.1933); *White v. Pearlman,* 42 F.2d 788, 789 (10th Cir.1930); *United States v. Merritt,* 478 F.Supp. 804, 807 (D.D.C.1979); *see, e.g., Mathes v. Pierpont,* 725 F.2d 77, 79 (8th Cir.1984) (no due process violation when escape from custody causes delay in execution of sentence).

In the present case, Mobley must accept at least a significant part of the blame for the delay in his incarceration because he failed to comply with both the spirit and terms of his supersedeas bond.[1] The bond imposed upon Mobley an affirmative obligation to surrender so that his sentence could be executed. Only by ignoring his duty under the bond was Mobley able to remain at liberty. Under all of the circumstances presented by the record we conclude that Florida's delay in incarcerating Mobley was not so "affirmatively wrong" or "grossly negligent" that it violated due process.

AFFIRMED.

---

**1.** The applicable provisions of Fla.Stat. § 924.-065(2) read as follows:

The [supersedeas] bond shall be conditioned on the appellant's personally answering and abiding by the final order, sentence, or judgment of the appellate court and, if the action is remanded, on the appellant's appearing at the next term of the court in which the case was originally determined and not departing without leave of the court.

At the time of Mobley's initial appeal, Florida Rule of Criminal Procedure 3.691 read as follows: "If the defendant is released after condition of the undertaking shall be: (1) that he will duly prosecute his appeal; (2) that he will surrender himself in execution of the judgment or sentence upon its being affirmed or modified or upon the appeal being dismissed...."