No. 90-190

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA, CITY OF BOZEMAN

       Plaintiff and Respondent,

-v-

DONALD LEON SPIETH,

       Defendant and Appellant.

**FILED**

SEP 4 1990

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     McKinley Anderson, Bozeman, Montana

     For Respondent:

     Marc Racicot, Attorney General; Elizabeth S. Baker,
Asst. Attorney General, Helena, Montana
Bruce Becker, City Attorney, Bozeman, Montana

Submitted on Briefs: July 13, 1990

Decided: September 4, 1990

Filed:

_____
            Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Defendant Donald Leon Speith appeals the Eighteenth Judicial District Court's order dismissing his appeal from Bozeman City Court as untimely. We affirm.

The following issues are presented for review:

1. Is the defendant, convicted in city court of driving under the influence of alcohol, entitled to de novo review in the District Court where he failed to secure transmittal of the record?

2. Is the defendant entitled to dismissal of the charges against him for failure of the City of Bozeman to seek dismissal of his appeal at an earlier date?

Speith was arrested in Bozeman on July 5, 1988 for driving under the influence of alcohol, fourth offense. On July 11, 1988 Speith appeared with counsel and pleaded not guilty. At the July 27, 1988 bench trial in Bozeman City Court, Speith was convicted as charged. On August 1, 1988 Speith was fined $1,010 and sentenced to one year in jail with ten days to be served consecutively and weekends in jail for a one-year period. The court suspended the remainder of the sentence on the condition that Speith surrender his car for 90 days and complete a treatment program.

Speith filed a notice of appeal with the city court on August 3, 1988 and execution of sentence was stayed pending appeal. The Bozeman City Clerk sent a memo to Speith's counsel on August 5, 1988 requesting counsel to complete and return a praecipe to transmit the record, indicating the praecipe form was enclosed. Not until January 15, 1990 was the completed praecipe for

2

transmittal executed. The record was then transmitted to Gallatin County District Court on January 19, 1990, a delay of almost a year and a half.

On January 31, 1990, the District Court entered an order dismissing the appeal for failure to transmit the record within the time required by law. From this order Speith now appeals.

I

As this Court has previously noted, the right to appeal a criminal conviction from justice or city court is purely statutory. State v. Hartford (1987), 228 Mont. 254, 256, 741 P.2d 1337, 1338. Appeals from justice or city courts are addressed in § 46-17-311, MCA, which provides in part:

> (2) A party may appeal to the district court by giving written notice of his intention to appeal within 10 days after judgment, except that the state may only appeal in the cases provided for in 46-20-103.

> (3) Within 30 days, the entire record of the justices' or city court proceedings must be transferred to the district court or the appeal must be dismissed. It is the duty of the appellant to perfect the appeal.

This Court has consistently held that strict compliance with § 46-17-311, MCA, is necessary to perfect an appeal. State v. Arthur (1988), 234 Mont. 75, 76-77, 761 P.2d 806, 807; Hartford at 256, 257, 741 P.2d at 1338. We once again affirm that it is the duty of appellant to perfect the appeal. See State v. Main (1981), 191 Mont. 304, 623 P.2d 1382; State v. Crane (1982), 196 Mont. 305, 639 P.2d 514; City of Billings v. Seiffert (1985), 215 Mont. 381, 697 P.2d 1342.

As the statute indicates, in order to perfect the appeal the

3

entire justice or city court record must be transmitted to the district court within 30 days of judgment, and only when the clerk forwards such records is the transmission of records effected. Main at 307, 623 P.2d at 1383. The appellant, with whom the statutory duty to perfect the appeal lies, must request the justice or city court to transmit the record to the district court. State v. Dubray (1982), 201 Mont. 327, 331, 654 P.2d 970, 972.

According to the record, the City of Bozeman did not receive a request for transmittal of the record until January 15, 1990, nearly a year and a half after the city court rendered its judgment. Had the record reflected a dispute over whether defense counsel actually requested transmission of the record, the district court must hold a hearing to resolve the issue and make a factual finding to determine whether the appeal had been perfected. Seiffert at 383, 697 P.2d at 1344.

Here there is no evidence in the record nor even an assertion by Speith on appeal that he requested the city court's records be transmitted to the District Court before January 15, 1990. Thus, Speith's argument that the District Court erred in failing to hold a hearing to determine whether he had in fact requested the record transmitted, as required by Seiffert, has no merit. Moreover, Speith did not request a hearing at the District Court level.

II

Speith next argues that because the prosecution failed to either bring him to trial or seek dismissal of the appeal within six months of city court judgment, he was denied his right to a

speedy trial. Speith contends that this Court should construe § 46-13-201(2), MCA "as placing a statutory period on the city in which to move to have the appeal dismissed." Section 46-13-201(2), MCA, provides that prosecution of misdemeanor charges must be dismissed "if a defendant whose trial has not been postponed upon his application is not brought to trial within six months after entry of plea." Speith's reliance on this statute is without merit.

The initial trial in city court was well within the six-month limitation imposed by statute. Speith, however, argues that the six-month time limit also applies to his right to a trial de novo in district court following the filing of his notice of appeal. Section 46-13-201(2), MCA, is limited to the time within which a case properly before the court may be tried, and its provisions may not be invoked unless the court has obtained jurisdiction. The District Court in this case had not obtained jurisdiction because Speith had failed to perfect the appeal.

Furthermore, where the delay has been caused by the defendant, § 46-13-201(2), MCA, does not apply. State v. Crane (Mont. 1989), 784 P.2d 901, 903, 46 St.Rep. 2082, 2085. It is defendant Speith who occasioned the delay in resolving his appeal. Therefore, he is not entitled to claim the protection of § 46-13-201(2), MCA.

Lastly, Speith seems to argue that even if he is not entitled to a trial de novo, the charges should nevertheless be dismissed because he has been deprived of a speedy execution of his sentence. In his brief Speith contends that he has "a right to have the

5

sentence of the court cancel out so that he can reorganize his life after the sentence has been served."

Speith's argument is analogous to that made in Mobley v. Dugger (11th Cir. 1987), 823 F.2d 1495. In Mobley the appellant, like Speith, argued that "the due process clause of the Fourteenth Amendment accords a prisoner the right to reestablish himself and live down his past (citation omitted) and that the state violates this right when it delays the incarceration of a prisoner for an inordinate amount of time." Mobley at 1496.

We concur with the holding of the Mobley court:

Such a due process right, if it indeed exists, takes life from the constitutional protection against arbitrary and capricious state action. See Shelton v. Ciccone, 578 F.2d 1241, 1245 (8th Cir. 1978). Accordingly, we have held that:

> [In order for a delay in the execution of a sentence to be repugnant to the Fourteenth Amendment], it is not sufficient to prove official conduct that merely evidences a lack of eager pursuit or even arguable lack of interest. Rather the waiving state's action must be so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with "fundamental principles of liberty and justice" to require a legal sentence to be served in the aftermath of such action or inaction.

Piper v. Estelle, 485 F.2d 245, 246 (5th Cir. 1973) (Citation omitted.) Obviously, the state does not deny a prisoner due process when the prisoner himself is responsible for the delay. Albori v. United States, 67 F.2d 4, 7 (9th Cir. 1933); White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930); United States v. Merritt, 478 F.Supp. 804, 807 (D.D.C. 1979).

Mobley, at 1496-97.

Here, as in Mobley, Speith himself is responsible for the delay in execution of his sentence. Had Speith perfected his

6

delay in execution of his sentence.  Had Speith perfected his appeal in accordance with § 46-13-201(2), MCA, his sentence would not have been delayed.

We affirm the judgment of the District Court.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices