933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Howard CHRISTIAN, Petitioner-Appellant,
v.
Stephen T. SMITH, Respondent-Appellee.
 No. 90-6482.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the petitioner's motion for appointment of counsel, his motion for leave to proceed on appeal in forma pauperis, the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Petitioner appeals from the memorandum and order denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254.
 
 
 2
 Petitioner received a life sentence in 1968 and was committed to the Kentucky State Reformatory. He was paroled in 1974 but was returned to prison in 1977 because of a parole violation. In July of 1978, he was charged with unlawful escape from custody. He was arrested in California for DUI and incarcerated that the Lompoc facility in May of 1981. The Bureau of Corrections of the Commonwealth of Kentucky requested that he be detained pursuant to a warrant for unlawful escape. By letter dated August 27, 1982, the Sheriff of Harlan County, Kentucky, advised officials at Lompoc that the jurisdiction no longer wished to pursue the indictment in that petitioner could make a productive life for himself in the California area and that it would serve no useful purpose to return him to the over-crowded Kentucky penal system.
 
 
 3
 Petitioner was released in September of 1982. He was incarcerated in the Oregon State Penitentiary in August of 1985. By letter dated September 5, 1985, the Kentucky State Reformatory contacted the Oregon facility and requested a detainer on petitioner pursuant to the previous escape warrant. In May of 1987, an extradition warrant was presented from the Governor of Kentucky to the Governor of Oregon. Petitioner was paroled on June 8, 1987, and then turned over to an officer who transported him to the Kentucky State Reformatory.
 
 
 4
 After exhausting his state court remedies, petitioner filed a 28 U.S.C. Sec. 2254 habeas corpus action. In the habeas corpus petition, petitioner alleged that Kentucky waived jurisdiction over him by releasing the detainer on August 27, 1982, and failing to file another until September 5, 1985. He also argued that he should be immediately considered for parole.
 
 
 5
 The magistrate entered a report and recommendation recommending that the habeas corpus petition be denied. He found that the petitioner failed to show that the "three-year delay in filing another detainer was so 'affirmatively wrong or so grossly negligent' that such delay violated petitioner's due process rights to the extent of constituting a waiver of jurisdiction." Mobley v. Dugger, 823 F.2d 1495, 1496-97 (11th Cir.1987). He also found that the petitioner had no constitutional right to parole and thus it was not cognizable in the habeas corpus action. Objections were filed. The district court after de novo review entered a memorandum and order adopting the magistrate's report and recommendation and dismissing the habeas corpus action. Petitioner appealed.
 
 
 6
 The petitioner in his appellate brief argues that the district court improperly dismissed the action without a hearing because the respondent failed to produce evidence of attempts to locate the petitioner while he was not incarcerated and there was no explanation as to why Kentucky determined to enforce a detainer on him in 1985 when it declined to do so in 1982. He also argues that Kentucky waived jurisdiction over him in 1982 and that his present incarceration in Kentucky violates his constitutional rights.
 
 
 7
 An appellate court renders de novo review of a habeas corpus proceeding in the district court. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Despite de novo review of the claims, the court does give complete deference to evidence-supported state court findings, id., and renders clearly erroneous review of any findings of fact made by the district court. McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989).
 
 
 8
 The district court was not required to have a hearing in the instant case. An evidentiary hearing in the district court is not mandatory unless one of the eight circumstances listed in 28 U.S.C. Sec. 2254(d) is present as shown by petitioner, admitted by the state or as otherwise appears from the record. McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987). None of the circumstances are present in the instant case. The issues presented by petitioner were capable of being decided from the record and there was no basis for a hearing. Blackledge v. Allison, 431 U.S. 63, 81-82 (1977); Townsend v. Sain, 372 U.S. 293, 313 (1963).
 
 
 9
 Upon review, we affirm the district court's decision for the reasons stated in the October 31, 1990, memorandum and order adopting the magistrate's report and recommendation. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for appointment of counsel is denied and the request for leave to proceed on appeal in forma pauperis is denied as moot. Petitioner was previously granted pauper status on appeal.