UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard L. TURK, Defendant-Appellant.

No. 83–3006.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1983.

Decided Dec. 22, 1983.

As Modified on Denial of Rehearing
and Rehearing En Banc
Feb. 16, 1984.

---

George Darragh, Asst. U.S. Atty., Billings, Mont., for plaintiff-appellee.

Richard L. Stradley, Victor, Mont., for defendant-appellant.

Before BROWNING, HUG, and TANG, Circuit Judges.

HUG, Circuit Judge:

■ Richard L. Turk appeals his conviction for willful failure to file federal income tax returns for the years 1978, 1979, and 1980 in violation of 26 U.S.C. § 7203. On the returns for these years, Turk provided his name and social security number, but objected to all other questions on the basis of the fifth amendment to the United States Constitution as well as other grounds. A section 7203 conviction may not be based upon a valid exercise of the fifth amendment privilege against self-incrimination. *Garner v. United States,* 424 U.S. 648, 662, 96 S.Ct. 1178, 1186, 47 L.Ed.2d 370 (1976). Whether the taxpayer validly exercised his fifth amendment privilege is a question of law. *United States v. Neff,* 615 F.2d 1235, 1239–1240 (9th Cir.1980). Because section 7203 proscribes "willful" failures to make returns, good faith in the assertion of the privilege would entitle a taxpayer to acquittal of a section 7203 charge. *Garner,* 424 U.S. at 663 n. 18, 96 S.Ct. at 1187 n. 18. The taxpayer's good faith is a question of fact. *United States v. Carlson,* 617 F.2d 518, 523 (9th Cir.1980).

In the present case, the trial judge heard *in camera* testimony concerning the justification for Turk's exercise of the privilege. The judge stated that the privilege had been properly exercised and then ordered the case to proceed to the jury for determination of the factual question of whether the privilege had been exercised in good faith. The basis for the court's ruling is unclear. The Government contends that the meaning of the court's ruling was that the privilege had been properly claimed in a timely manner on the tax return as required by *Garner,* but that the justification for the claim was inadequate. Therefore, the Government argues, the privilege had not been validly exercised, and the court properly submitted to the jury the remaining question of whether the claim had been made in good faith. Turk, on the other hand, contends that the court ruled that the privilege had been validly exercised, and thus the case should have terminated at that point without submission to the jury.

■ We need not determine whether the district judge held the exercise of the privilege to have been valid or invalid, because the validity of the exercise of the fifth amendment privilege is a question of law

freely reviewable on appeal. If we hold that the privilege was validly exercised by Turk, we must reverse. If we hold that the privilege was not validly exercised, the district judge correctly submitted the case to the jury for the determination of the good faith issue. Because the jury's guilty verdict resolves that issue against Turk, we would then be required to affirm. We therefore turn to the question of whether the privilege against self-incrimination was validly exercised.

■ The Supreme Court has clearly stated that the privilege against compulsory self-incrimination does not justify a complete failure to file a return. *United States v. Sullivan,* 274 U.S. 259, 263–64, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). Furthermore, objections based on the privilege may properly be raised only in response to specific questions asked in the return. *Neff,* 615 F.2d at 1238. Turk did not select specific questions to which he objected but, rather, filed objections to all questions other than his name and social security number. This is the type of "wholesale objection" involved in *Neff.* Examination of Turk's justification for this claim of the privilege indicates that he did not validly claim the privilege.

■ Turk did not maintain that answers to specific questions on the tax form could incriminate him, but rather that his accurate completion of the return could subject him to an audit, at which he would have to produce documents to substantiate deductions. Turk does not claim that anything in the tax form itself required incriminating answers, but only that he would be unable to substantiate deductions without producing incriminating information. Just as a person cannot claim the privilege and refuse to disclose income because it came from a criminal source, *Sullivan,* 274 U.S. at 263–264, 47 S.Ct. at 607, so a person cannot refuse to file a return on his income just because substantiating deductions might incriminate him.

■ If there should be an audit or a trial to determine his tax liability, Turk remains free to refuse to produce any documents or evidence that may incriminate him. The result is simply that his tax liability must

be established without that evidence. The mere possibility of this consequence does not justify his failure to file a meaningful return. We conclude that the fifth amendment privilege was not validly exercised.

■ Turk also asserts that the evidence was insufficient to support his conviction under section 7203. This court must examine the evidence in the light most favorable to the Government. The inquiry is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560 (1979). The record shows that there is sufficient evidence to support Turk's conviction.

■ Turk challenges the admission into evidence of his 1975 and 1976 tax returns as irrelevant and prejudicial. Rule 404(b) of the Federal Rules of Evidence allows evidence of other crimes, wrongs, or acts to be admitted to show intent. The trial court's evidentiary rulings will be disturbed on appeal only upon a showing of abuse of discretion. *United States v. Federico,* 658 F.2d 1337, 1342 (9th Cir.1981). The trial court did not abuse its discretion in admitting evidence of the earlier returns.

■ Finally, Turk argues that the trial court's comments to the jury during closing arguments denied Turk his right to a fair trial. The judge's remarks to the jury were appropriate and did not constitute error.

Since we have determined that the fifth amendment privilege against self-incrimination was not validly exercised as a matter of law, and since the jury found that it was not exercised in good faith, the conviction is affirmed.

AFFIRMED.