DAVID E. SWOPE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swope v. Commissioner
Docket No. 2775-89
United States Tax Court
T.C. Memo 1990-82; 1990 Tax Ct. Memo LEXIS 82; 58 T.C.M. (CCH) 1459; T.C.M. (RIA) 90082; February 21, 1990
Kenneth P. Fehl, for the petitioner. William D. Reese, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121, [1] and respondent's motion for an award of damages pursuant to section 6673. By notice of deficiency dated November 9, 1988, respondent *84 determined deficiencies in and additions to petitioner's Federal income tax for the calendar year 1982 as follows: Additions To Tax Under Sections
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
$ 8,424
$ 2,106
$ 421
*
$ 819
$ 2,106
The amount of the deficiency for 1982 was based upon unreported income of $ 30,146, less a dividend exclusion of $ 100 and a personal exemption of $ 1,000. Petitioner resided in California when he filed his petition with the Court. The issues raised by the parties in the pleadings are whether: (1) petitioner filed a valid income tax return for the year 1982; (2) the applicable statute of limitations bars the assessment of tax for the year 1982; (3) petitioner has a privilege under the Fifth Amendment to the Constitution of the United States allowing him to refuse to provide information sufficient to compute his income tax for the year 1982; and (4) petitioner is liable for the deficiency and additions to tax determined by respondent. On September 6, 1989, respondent served a request for admissions upon petitioner, which states in pertinent part: *85 4. Petitioner was paid gross wages and salaries of $ 17,897.00 by Tandem Computer, Inc. during the year 1982. * * * 8. Petitioner was paid gross wages and salaries of $ 11,485.00 by United Technologies during the year 1982. * * * 10. Petitioner received income from Fidelity Federal Glendale in the amount of $ 5.00 during the year 1982. * * * 12. Petitioner received income from Oppenheimer Money Market Fund, Inc. in the amount of $ 378.00 during the year 1982. * * * 14. Petitioner received income from Dreyfus Liquid Assets, Inc. in the amount of $ 381.00 during the year 1982. 15. Petitioner was married during the entire year 1982. * * * 17. The document, a copy of which is attached hereto * * *, is the document that petitioner contents [sic] he filed as his 1982 income tax return. * * * 19. The petitioner is the same person who appeared in the Tax Court in San Francisco, California on June 13, 1988, before Judge William M. Fay concerning docket number 14131-87. 20. The petitioner's wife filed a Federal income tax return for the year 1982 that did not report any of the income on which the notice of deficiency in this case is based. [2]
*86 22. The petitioner is a college graduate. 23. The petitioner has granted a power of attorney to an attorney licensed to practice in the State of California, Kenneth P. Fehl, with respect to the petitioner's 1982 income tax liability. * * * 26. Respondent has requested petitioner to provide to respondent information sufficient to determine petitioner's correct taxable income and correct income tax liability for the year 1982. 27. Petitioner has refused to provide the respondent information sufficient to determine petitioner's correct taxable income and correct income tax liability for the year 1982. PLEASE TAKE NOTICE that a written answer to this request must be filed with the tax [sic] Court and a copy served upon the undersigned within 30 days after service of this request for admissions. * * * On November 22, 1989, respondent filed his motion for summary judgment with the Court. Respondent argues that the facts deemed admitted under Rule 90(c) [3] by petitioner's failure to respond to the request for admissions are sufficient to sustain the determined deficiency and additions to tax under sections 6653(a)(1), 6653(a)(2), and 6651(a)(1). *87 On January 3, 1990, petitioner filed an objection to respondent's motion contending that: (1) Petitioner received the unreported income determined by respondent, but he should only be taxable on his one-half share of the alleged community property income of himself and his wife for the year 1982; (2) on or about June 30, 1989, petitioner hand delivered corrected Forms 1040 for the years 1980 through and including 1983 to Revenue Officer Paul J. Alcalde; and (3) respondent's request for admissions should have been served upon petitioner's counsel and not petitioner. On January 31, 1990, respondent filed a supplement to his motion for summary judgment. Respondent modified his motion to request partial summary judgment on all issues in this case except for the characterization of the 1982 income of petitioner and his wife as community income. In reply to petitioner's objections, respondent contends that: (1) Revenue Officer Alcalde never received a 1982 return from petitioner; and (2) the request for admissions was properly served upon petitioner and not his present counsel. We will first address the parties' dispute as to whether Revenue Officer Alcalde was in fact hand delivered *88 a revised Form 1040 for the year 1982, on or about June 30, 1989. Petitioner's counsel argues in his objection to respondent's motion for summary judgment that the issue of whether a valid return was filed for 1982 is "no issue," and that the issues of whether assessment of tax for 1982 is barred by the statute of limitations and whether petitioner's claim of Fifth Amendment privilege was valid are both "moot." We have difficulty understanding exactly what petitioner's counsel means, but it appears that he is either conceding these issues or he is somehow contending that the alleged filing of the revised Form 1040 cured petitioner's earlier failure to file a timely return. Even if we accept as fact that the revised Form 1040 was filed, it was still filed over six years after the due date for petitioner's 1982 return. Accordingly, the full 25 percent addition to tax under section 6651(a)(1) for the delinquent filing of a return would nonetheless apply (in the absence of reasonable cause). In addition, the revised Form 1040 was allegedly filed almost five months after Mr. Swope had filed his petition for the year 1982 with the Court. At that time, the revised Form 1040 (as to *89 the instant situation) really served no function other than to convey a settlement offer to respondent. Accordingly, we need not decide whether petitioner in fact filed a revised Form 1040 with Revenue Agent Alcalde. Next, we must first decide whether respondent properly served his request for admissions upon petitioner. On February 7, 1989, petitioner filed his petition with the Court pro se. On March 30, 1989, petitioner executed a power of attorney (on Form 2848) naming Attorney Kenneth P. Fehl as his representative before the Internal Revenue Service (IRS) with respect to all income tax matters pertaining to the years 1980 through and including 1983. The next day, the power of attorney was filed with the district office of the IRS at San Jose, California. Attorney Fehl, however, did not file an entry of appearance in this case with the Court until January 3, 1990. We hold that respondent's request for admissions was properly served upon petitioner. The filing of a completed Form 2848 with the IRS is not an entry of appearance in this Court. Counsel may enter appearance by either subscribing the initial pleading or other document or by subsequently filing an entry of *90 appearance. See Rule 24(a). In the absence of appearance by counsel, a party is deemed to appear for himself. Rule 24(b). Since Attorney Fehl was not counsel of record in this case at the time the request for admissions was served, it was entirely proper for respondent to serve petitioner directly. Accordingly, the admissions requested by respondent from petitioner are deemed admitted, without the entry of an order by the Court, under Rule 90(c). Freedson v. Commissioner, 65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Thus, respondent is not required to offer evidence to prove the statements set forth in the request. Freedson v. Commissioner, supra at 335. We next consider whether partial summary judgment should be granted with respect to the issues raised by the parties in the pleadings. Under Rule 121(b), summary judgment may be granted-- if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary *91 adjudication may be made which does not dispose of all the issues in the case. The moving party bears the burden of proving there is no genuine issue of material fact. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). On March 28, 1983, respondent's Fresno (California) Service Center received a Form 1040 for the year 1982 from petitioner. (A copy of the 1982 Form 1040 was referred to in paragraph 17 of respondent's request for admissions.) Petitioner signed the 1982 Form 1040 and completed his name, address, social security number (and that of his wife), occupation (engineer), presidential election campaign check-off, filing status (married filing separately), and the number of exemptions (one for himself). On each and every other line of the Form 1040, however, petitioner wrote in either "OBJECT" or "0." Attached to the Form 1040 was a five-page typewritten statement signed by petitioner, wherein petitioner argues that his Fifth Amendment right against self-incrimination permits him to refuse to answer specific questions on the Form 1040. Respondent's counsel has declared to the Court, *92 under penalty of perjury, that he has found no indication of any criminal investigation or proceeding involving petitioner. [4]
Respondent notified petitioner that the Form 1040 submitted by petitioner for 1982 was not a valid income tax return, and requested that petitioner provide information sufficient to determine petitioner's correct taxable income and correct income tax liability for the year 1982. Petitioner did not respond. Accordingly, based upon three Forms 1099 and two Forms W-2 supplied to the IRS by certain financial *93 institutions and petitioner's employers, respectively, respondent determined that petitioner had unreported income in 1982 of $ 30,146. Generally, taxes must be assessed within three years after a return is filed. Sec. 6501(a). Where no return is filed, however, the tax may be assessed at any time. Sec. 6501(c)(3). Tax forms that do not contain information upon which tax liability may be computed are not returns within the meaning of the Internal Revenue Code. Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982), affg. an unreported opinion of this Court. Further, there must be an honest and reasonable attempt to satisfy the requirements of tax law. Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). We hold that the Form 1040 filed by petitioner with the IRS for 1982 was not a valid return, because it did not contain information upon which petitioner's tax liability could be computed, nor did it represent an honest and reasonable attempt to satisfy the filing requirements. Accordingly, unless petitioner validly claimed Fifth Amendment privilege in filing his Form 1040 for *94 1982, the statute of limitations does not bar assessment of taxes by respondent for 1982. The Supreme Court has clearly stated that the privilege against compulsory self-incrimination does not justify a complete failure to file a return. United States v. Sullivan, 274 U.S. 259, 263-264 (1927). To invoke the Fifth Amendment privilege, a taxpayer must be faced with substantial hazards that are real and appreciable, and must have reasonable cause to apprehend such danger. United States v. Neff, 615 F.2d 1235, 1239 (9th Cir. 1980). However, the Fifth Amendment privilege itself may not be used as a method of evading payment of lawful taxes. Edwards v. Commissioner, supra.Objections based upon the privilege may properly be raised only in response to specific questions asked on the return. United States v. Turk, 722 F.2d 1439, 1441 (9th Cir. 1983). Whether a taxpayer validly exercised his Fifth Amendment privilege is a question of law. 722 F.2d at 1440. We think it is clear that petitioner's claim of Fifth Amendment privilege in filing his Form 1040 for 1982 was mere pretext to cloak what was *95 really a protest against the payment of taxes. We base this conclusion upon respondent's counsel's declaration that he is unaware of any criminal investigation or proceeding involving petitioner, and petitioner's "wholesale objection" to providing information on the Form 1040 upon which his tax liability could be computed. See United States v. Turk, 722 F.2d at 1441. In addition, petitioner's lack of sincerity in claiming the Fifth Amendment privilege is shown by his newly found willingness to pay the tax on his alleged one-half community income share of the same items of gross income that he had once asserted might incriminate him. Accordingly, we hold that the statute of limitations does not bar assessment of tax due from petitioner for 1982. As to the amount of the deficiency, petitioner admits receiving the gross income as determined by respondent, but contends that he need only report his one-half share of the community income of himself and his wife. Respondent modified his original motion for summary judgment to exclude this issue, and, accordingly, we will withhold judgment on the community income issue. As to the additions to tax, respondent determined *96 that petitioner was liable for the additions to tax under sections 6653(a)(1), 6653(a)(2), 6651(a)(1), 6654, and 6661. Section 6653(a)(1) provides for an addition to tax equal to five percent of any underpayment where any part of such underpayment is due to negligence or intentional disregard of the rules or regulations, but without intent to defraud. Section 6653(a)(2) provides for an addition to tax of an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional regard of the rules or regulations. Since petitioner did not file a valid return for 1982, the "underpayment" is petitioner's entire income tax liability for that year. See sec. 6653(c)(1); sec. 301.66531(c)(1), Proced. & Admin. Regs. Section 6651(a)(1) provides that if a taxpayer fails-- to file any return * * * on the date prescribed therefor * * *, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional *97 month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. Taxpayers have a statutory duty to timely file their income tax returns, sec. 6072(a), and the breach of this duty is sufficient evidence of negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989). The type of evidence necessary to meet or rebut a prima facie case of negligence arising in a late filing situation is that which indicates the existence of an adequate and reasonable excuse or justification for the delinquent filing. Cf. sec. 6651(a)(1); Emmons v. Commissioner, 92 T.C. at 350. In this case, petitioner has alleged no reasonable cause, excuse, or justification for his failure to file a valid return for the year 1982. Accordingly, since no genuine issue of material fact remains as to petitioner's liability for the additions to tax under sections 6653(a)(1), 6653(a)(2), and 6651(a)(1), respondent is entitled to judgment as a matter of law. [5]
*98 In his motion for summary judgment, respondent did not include the determined additions to tax under sections 6654 and 6661 as "Questions Presented" for summary disposition, and included no discussion related to these amounts. [6] Since respondent's motion did not raise or discuss these additions to tax, petitioner was not given an opportunity to respond. Accordingly, we will not consider whether respondent is entitled to summary judgment regarding the additions to tax under sections 6654 and 6661. Finally, we will address *99 respondent's motion for an award of damages pursuant to section 6673. [7]
Given that disputed issues will remain in this case after partial summary judgment is granted, we think that consideration of respondent's motion under section 6673 is premature. We warn petitioner, however, that if the arguments to come regarding the remaining issues are as frivolous and groundless as those already considered by the Court, the likelihood that he will be penalized and the amount of any such penalty will be increased *100 accordingly. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.↩
*. 50 percent of the interest due on $ 8,424.↩
2. The request for admissions does not contain a paragraph number 21.↩
3. (c) Response to Request: Each matter is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefor. * * *↩
4. Paragraph 17 of respondent's counsel's declaration to the Court states: After reviewing the administrative files of the Commissioner for the present case and the Tax Court case at Docket No. 14131-87, and after consulting the Commissioner's representatives in the Collection and Criminal Investigation functions in the San Jose, California District, I have never found any indication of any criminal proceeding or criminal investigation involving David E. Swope, I have never been aware of any relevant criminal proceeding or investigation involving David E. Swope, and I believe that no such relevant proceeding or investigation now exists or ever existed.↩
5. The final computation of the amount of the additions to tax for which petitioner is liable must, however, take into account the effect of any later settlement or decision regarding the remaining community income issue.↩
6. We suspect, however, that it is respondent's position that the issue of petitioner's liability for the additions to tax under sections 6654 and 6661 was deemed conceded by petitioner in his petition, pursuant to Rule 34(b)(4). While petitioners in this Court are expected to follow the letter of this Court's Rules, it is within the Court's discretion to construe pleadings (particularly in the case of a petitioner filing a petition pro se.) so as to do substantial justice. See Rule 31(d). Based upon our review of the pleadings in this case, we find that petitioner's liability for the additions to tax under sections 6654 and 6661 are indeed in issue.↩
7. Code Section 6673(a)(1), as amended by sec. 7731(a), Revenue Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, (applicable to positions taken after December 31, 1989, in proceedings pending on, or commenced after, such date) provides that-- Whenever it appears to the Tax Court that-- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.↩