RICHARD L. TURK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Turk v. Commissioner
Docket No. 8308-89
United States Tax Court
T.C. Memo 1991-198; 1991 Tax Ct. Memo LEXIS 222; 61 T.C.M. (CCH) 2539; T.C.M. (RIA) 91198; May 8, 1991, Filed *222 Decision will be entered for the respondent in accordance with the deficiency notice. Richard L. Stradley, for the petitioner. Jay M. Erickson, for the respondent. RAUM, Judge. RAUM
MEMORANDUM OPINION The Commissioner determined deficiencies in and additions to the income taxes of Richard L. Turk (petitioner) for his taxable years 1976 through 1980, inclusive, in the following amounts: Additions To Tax
Calendar
Deficiency
Section
Section
Section
Year
in tax
6651(a)(1) [1]
6653(a)(1) [2]
6654
1976
$  1,697
$   424
$  85
$  64
1977
4,647
1,162
232
165
1978
1,516
379
76
48
1979
220
55
11
9
1980
8,125
2,031
406
518
Total
$ 16,205
$ 4,051
$ 810
$ 804
*223 At the time the petition in this case was filed, petitioner resided in Butte, Montana. This case was submitted on the basis of a stipulation of facts and accompanying exhibits. The issues before us are (1) whether the statute of limitations bars the assessment of taxes against petitioner, and (2) whether petitioner is liable for the addition to tax due to fraud imposed by section 6653(b), an issue raised for the first time by the Government on brief in respect of which it claims an increase in deficiencies. The parties have stipulated that petitioner filed a "return" for each of the taxable years at issue. However, these so-called returns [3] did not contain any information regarding the petitioner's income or deductions. Instead, asterisks were inserted in many of the lines on each form, while other lines were left blank. The asterisks referred to various statements made in the margins of the returns. Some of these statements raised constitutional objections to disclosing the information required by the income tax forms. Other statements evinced confusion regarding a number of terms relating to the monetary system used in this country, and the relationship between those terms *224 and the income tax. Petitioner was convicted under section 7203 of willful failure to file income tax returns for 1978, 1979, and 1980, and the Ninth Circuit affirmed his conviction. United States v. Turk, 722 F.2d 1439, 1441 (9th Cir. 1983), cert. denied 469 U.S. 818, 83 L. Ed. 2d 33, 105 S. Ct. 86 (1984). More than seven years after petitioner had filed all of the returns covering his 1976 through 1980 taxable years, the Commissioner sent him a notice of deficiency dated January 23, 1989. The Commissioner determined that petitioner had received various amounts of trucking and rental income in each of the taxable years at issue, and was entitled to deduct certain trucking and rental expenses. The Commissioner also *225 determined that petitioner was liable for the self-employment tax for all of the taxable years at issue. Petitioner filed a petition alleging that the Commissioner had made various errors in computing the amounts of his deficiencies and additions to tax. He stipulated to the correctness of one of those computations. He has not presented any evidence or made any arguments with respect to the other assignments of error, and has therefore failed to sustain his burden of proof regarding those issues. See Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933). However, in his trial memorandum, petitioner relied upon the statute of limitations as a defense to the assessment of all deficiencies and additions to tax. Although petitioner would ordinarily be precluded from thus raising that issue without having alleged it as a defense in his petition, the Government has not objected and, in responding to it, has implicitly consented to our consideration of the issue as though it had been presented in the pleadings. See Rule 41(b)(1). The period of limitations on assessment and collection of tax is set forth in section 6501, pertinent portions of which are reproduced in the margin. *226 [4] *227 Section 6501(a) provides a three-year period of limitations computed from the date the "return was filed," and, in the event of an omission in excess of 25 percent of gross income "stated in the return," section 6501(e)(1) provides a six-year period of limitations. [5] However, if no return is filed, neither of these periods of limitation is applicable, since section 6501(c)(3) permits the tax to be assessed "at any time" in the case of "failure to file a return." At issue here is whether the forms filed by petitioner qualify as "returns" within the meaning of the applicable statutory provisions. If they do not, section 6501(c)(3) applies, and the tax may be assessed at any time. [6] We agree with the Commissioner that the forms in question were not "returns." In Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), a taxpayer had filed "protest type" returns in which he inserted a reference to the Fifth Amendment on most of the lines instead of supplying the information called for. This Court dismissed his case for failure to prosecute, and the taxpayer claimed on appeal that the statute of limitations prevented the Commissioner from assessing tax against him. The Court of Appeals held that *228 "Tax forms that do not contain information upon which tax liability may be computed are not returns within the meaning of the Internal Revenue Code." Edwards v. Commissioner, supra at 1269-1270. See also Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986); Jarvis v. Commissioner, 78 T.C. 646, 653-654 (1982). The Court concluded that "The 'protest type' returns filed by Mr. Edwards are simply not valid returns and do not activate the statute of limitations." Edwards v. Commissioner, supra at 1270. Like the forms in Edwards, the forms filed by petitioner in this case do not contain any information from which his tax liability may be computed, and further, as stated in Beard v. Commissioner, supra at 777, do not represent "an honest and reasonable attempt to satisfy the requirements of the tax law." We hold that these forms are not "returns" sufficient to activate either of the possibly applicable statutes of limitations set forth in section 6501. Furthermore, since petitioner was convicted under section 7203 of failing *229 to file income tax returns for 1978, 1979, and 1980, he is estopped from contending that he filed returns for those years for purposes of section 6501. See Gajewski v. Commissioner, 67 T.C. 181, 192 (1976), affd. by unpublished order 578 F.2d 1383 (8th Cir. 1978). Because petitioner never filed a "return" within the meaning of section 6501, the statute of limitations does not bar the assessment of tax against him. Petitioner relies on United States v. Kimball, 896 F.2d 1218 (9th Cir. 1990). There, the taxpayer had filed forms containing asterisks coupled with constitutional objections similar to those filed by petitioner, and, like petitioner, had been convicted under section 7203 for failure to file income tax returns. A three-judge panel of the Court of Appeals reversed the defendant's conviction, holding that the forms he filed qualified as returns for purposes of section 7203. Petitioner here urges us to extend the reasoning in that opinion to this case involving section 6501, and to hold that the forms he filed qualified as returns for purposes of the statute of limitations. However, the Ninth Circuit, sitting en banc, *230 held that the forms filed by the defendant were not "returns," and vacated the decision of the three-judge panel. United States v. Kimball, 925 F.2d 356 (9th Cir. 1991). Petitioner's position is based solely upon the opinion of the three-judge panel in Kimball, as purportedly supported by two prior Ninth Circuit cases, Fuller v. United States, 786 F.2d 1437 (9th Cir. 1986), and United States v. Long, 618 F.2d 74 (9th Cir. 1980). Since the Ninth Circuit, sitting en banc, disapproved the panel's Kimball opinion on this issue after taking into account both Fuller and Long, we need give no further consideration to petitioner's contention. On brief, the Commissioner contends for the first time that petitioner is liable under section 6653(b) for the addition to tax due to fraud, and seeks an increased deficiency. The burden of proof in respect of fraud is upon the Government and no such issue, accompanied by appropriate allegations of fact, was presented in the pleadings by respondent's answer. Moreover, apart from the Government's burden of proof of fraud, respondent would be saddled with the burden of proof *231 in respect of any subsequently raised issue, particularly where an increase in deficiency is sought. Even in such latter circumstances, we may refuse in our discretion to consider any such new issue especially where, as here, the other side was not fairly put on notice to present evidence relating thereto. The Government's belated claim of additions for fraud is not properly before us, and we do not consider it. Decision will be entered for the respondent in accordance with the deficiency notice. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the taxable years at issue, and all references to "Rules" are to the Tax Court Rules of Practice and Procedure.↩
2. As the Code stood in the years involved, section 6653(a) was not further subdivided into paragraphs. However, section 6653 was subsequently expanded, and the provision section 6653(a) relevant here appeared in the redesignated section 6653(a)(1). See section 722(b)(2) of Pub. L. 97-34, 95 Stat. 343, which provided that this redesignation applied to "taxes the last date prescribed for payment of which is after December 31, 1981." Yet 1980 is the most recent taxable year at issue here, and the last date prescribed for the payment of the taxes due for that year is April 15, 1981. Sections 6151(a) and 6072(a). Thus, the Commissioner should have referred to this addition as "section 6653(a)" rather than "section 6653(a)(1)," but that circumstance is of no consequence here, since the relevant provisions are identical.↩
3. Although the parties have stipulated that petitioner filed "returns" for the taxable years at issue, we use this term solely for convenience. By referring to the documents filed by petitioner as "returns," we do not intend to imply that they qualify as returns for any purpose under the Code.↩
4. SEC SEC. 6501 LIMITATIONS ON ASSESSMENT AND COLLECTION. COLLECTION. (a) General rule. -- Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. * * (c) Exceptions. (1) False return. -- In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time. * * * (3) No Return. -- In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. * * * (e) Substantial Omission of Items. -- Except as otherwise provided in subsection (c) -- (1) Income taxes. -- In the case of any tax imposed by subtitle A -- (A) General rule. -- If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed * * * at any time within 6 years after the return was filed. * * *↩
5. Petitioner does not state whether he relies on section 6501(a) or section 6501(e)(1). However, it does not matter which of these periods petitioner relies on, because, if triggered, either period would have elapsed by the date the notice of deficiency was issued.↩
6. The Commissioner argues in the alternative that, if petitioner did file "returns," such returns were false and fraudulent. Section 6501(c)(1) provides that in the case of a false and fraudulent return with the intent to evade tax, the tax may be assessed at any time. Because we hold for the Commissioner on his main contention, we do not reach his alternative argument.↩