* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The IJ failed to address these reasonable explanations for petitioner's behavior, and instead relied on his own speculation about petitioner's motives. Therefore, this basis for the IJ's adverse credibility finding is not supported by substantial evidence. *See Singh,* 439 F.3d at 1105; *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir. 2004); *see also Salaam v. INS,* 229 F.3d 1234, 1238–39 (9th Cir.2000) (per curiam).

Because I conclude that "each of the IJ's ... proffered reasons for [the] adverse credibility finding fails," I would accept petitioner's testimony as credible. *See Marcos v. Gonzales,* 410 F.3d 1112, 1116 (9th Cir.2005) (internal quotation marks omitted). I would therefore grant the petition and remand pursuant to *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miguel VIDAL–NORIEGA,**
**Defendant–Appellant.**

No. 07–30268.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2008.*

Filed June 5, 2008.

R.App. P. 34(a)(2).

Mark S. Smith, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

** The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

John S. Forsythe, Attorney at Law, Forsyth, MT, for Defendant–Appellant.

Before: GRABER, RAWLINSON, Circuit Judges, and WRIGHT,** District Judge.

MEMORANDUM ***

Miguel Vidal–Noriega appeals a drug, conspiracy and money laundering conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Vidal–Noriega raises two issues on appeal: 1) whether the prosecutor's reference to two wire-transfer exhibits excluded at trial "reasonably could have affected the jury's verdict," and 2) "whether the admission into evidence of 24 moneygrams without foundation as to whether and by whom they were received was [im]proper." We address each concern in turn.

First, "we review claims of prosecutorial misconduct for harmless error when the defendant objects at trial." *United States v. Washington,* 462 F.3d 1124, 1135 (9th Cir.2006). The government admits that the prosecutor's closing briefly referred to excluded wire-transfer exhibits. However, the judge found this "an honest mistake" and rectified it by instructing the jury to disregard the comment. *See United States v. Davis,* 932 F.2d 752, 761 (9th Cir.1991) ("Ordinarily[,] cautionary instructions are sufficient to cure the effects of improper comments.").

Additionally, the evidence against Vidal–Noriega, including properly admitted wire-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

transfer exhibits and the extensive testimony of Noriega's own coconspirators, "overwhelms whatever incriminating aspects inadmissible statements may have had in isolation." *Id.* (internal quotation marks omitted). Simply, this was not a fragile conviction loosely based on circumstantial evidence, but one where the spokes of the conspiracy firmly pinned the drug-supplying hub.

■ Second, we review the trial court's evidentiary rulings for abuse of discretion. *United States v. Turk,* 722 F.2d 1439, 1441 (9th Cir.1984). Contrary to Vidal–Noriega's contention, the district court did not err by admitting into evidence 24 moneygrams underlying seven counts[1] of money laundering without proper foundation. Each exhibit underlying the money laundering counts listed Vidal–Noriega as the receiver; Vidal–Noriega's co-conspirators, who *sent* the moneygrams, identified him as the receiver; and a Money Gram compliance specialist testified that moneygram receivers "have to present valid ID and also know the details of the transaction; who is sending, the amount, [and] where it's coming from."

Appellant's remaining arguments do not merit discussion.

**AFFIRMED.**

---

1. Vidal–Noriega notes that, without the disputed exhibits, "the only evidence of those seven counts came from ['drug addict' and 'felon' co-conspirators who were] not charged with any crime for [their] role in the conspiracy." His attacks on the credibility of his co-conspirators were resolved by the jury, and we reject his attacks against the plea agreement, pursuant to which the co-conspirators apparently testified. *See United States v.*

*Moody,* 778 F.2d 1380, 1384 (9th Cir.1985) (upholding plea bargains contingent on truthful testimony), *as amended,* 791 F.2d 707 (9th Cir.1986).

