No. 82-325

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

ROBERT V. CRANE,

        Petitioner,

  -vs-

THE STATE OF MONTANA,

        Respondent.

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        Jeffrey Shrom, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Charles Gravely, County Attorney, Helena, Montana

Submitted: September 2, 1982

Decided: September 10, 1982

SEP 10 1982

Filed:

_Thomas J. Kearney_
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

On August 31, 1982, Robert V. Crane petitioned this Court for a writ of habeas corpus. We grant the petition.

Petitioner was charged in Justice Court July 7, 1978, with violating section 84-2401, R.C.M. 1947 (now section 15-57-102, MCA), operating a retail store without obtaining a valid retail license. The complaint stated the violation was "during the calendar year 1978."

A jury trial was held December 13, 1978. Petitioner refused to cooperate and left the courtroom. The jury subsequently found Crane guilty of violating section 15-57-102, MCA.

Section 84-2411, R.C.M. 1947 (now section 15-57-110, MCA), provides for a fine of not less than $25.00 nor more than $200.00 for a violation of section 15-57-102, MCA. The penalty section further provides that "each day that such violation shall continue shall constitute a separate and distinct offense." Petitioner was sentenced January 3, 1979, to pay a fine of $1,200.00. Assuming the maximum penalty was applied, petitioner was fined for six offenses of violating the licensing statute.

Petitioner refused to pay the fine. The Justice of the Peace found Crane to be in contempt of court and ordered him jailed. Each day in jail was to equal $10.00 paid toward the fine, pursuant to section 46-17-302(4), MCA. Petitioner then served forty-four days in the Lewis and Clark County Jail, from February 18, 1981 to April 2, 1981.

On February 24, 1981, petitioner filed an application for writ of certiorari in the District Court of the First Judicial District. Such a writ of certiorari is a review to ascertain whether or not a lower court has exceeded its

-2-

jurisdiction while exercising a judicial function. Section 27-25-102(2), MCA. The District Court judge determined that Crane had intended to petition for a writ of habeas corpus; therefore, he treated the petition for writ of certiorari as a petition for writ of habeas corpus so that the District Court could review to determine whether Crane was properly incarcerated. Section 46-22-101(1), MCA.

A hearing on the "writ of habeas corpus" was held April 2 and 3, 1981. Crane was freed April 2, pending final action. An opinion and order was issued May 28, 1981, finding the judgment of the Justice Court "to be void on its face" and ordering petitioner Crane permanently dismissed from custody under that order.

The State of Montana appealed that decision to this Court June 1, 1981. We found that the District Court had no jurisdiction to issue a writ of habeas corpus as petitioner had not requested one. We further found that the District Court had no jurisdiction to issue a writ of certiorari as the Justice Court had not exceeded its jurisdiction. See State v. Crane (1982), ____ Mont. ____, 639 P.2d 514, 39 St.Rep. 126. We reversed and remanded the matter to the District Court and Crane was given thirty days in which to "prepare, serve and submit a properly prepared petition in habeas corpus for the court's consideration." State v. Crane, 39 St.Rep. at 129.

The petition was prepared and further hearings were held by the District Court. The District Court found the fine to be presumptively proper, as being within the range permitted by statute, and the imprisonment to be legal. The habeas corpus action was denied. The April 2, 1981 stay was dissolved June 3, 1982, and petitioner was ordered back to jail.

-3-

On June 25, 1982, petitioner requested this Court to stay the execution of the order returning him to jail. The stay was granted July 8, 1982. Crane also filed a petition for habeas corpus with this Court. The petition was denied by an order dated August 12, 1982, stating: "the petitioner does not state facts sufficient to entitle petitioner to relief at this time." Next, petitioner filed a petition for habeas corpus in Federal Court. It was denied August 26, 1982, and petitioner returned to jail on that date.

On August 31, 1982, the petition for habeas corpus presently before this Court was filed. We are able to act upon this petition as petitioner was incarcerated at the time it was filed. Section 46-22-101(1), MCA, requires that an individual be "imprisoned or otherwise restrained of his liberty" in order to prosecute a writ of habeas corpus. Crane was not incarcerated when he filed the previous petition for habeas corpus with this Court. Therefore, we had no jurisdiction to consider that petition.

Further, when the State appealed the District Court's writ of habeas corpus to this Court on June 1, 1981, we had no jurisdiction to consider an action in habeas corpus as Crane had filed an application for writ of certiorari with the District Court. Therefore, this is the first time Crane's habeas corpus action has been properly before this Court.

Petitioner submits numerous grounds to this Court for issuance of the writ. We need not consider those grounds as a more fundamental ground for issuing the writ exists. Petitioner was tried and convicted of one violation of section 15-57-102, MCA, operating a retail store without obtaining a valid retail license. He was sentenced for six violations of that section.

The penalty section, 15-57-110, MCA, provides that each day of violation constitutes a separate offense. We uphold that section as constitutional, provided each violation is properly prosecuted pursuant to the due process guarantees of our Constitution. Article II, Section 24, of the 1972 Montana Constitution grants due process to all accused individuals.

> "Section 24. Rights of the accused. In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same."

The penalty statute was unconstitutionally applied to petitioner. The penalty statute cannot be self-executing. Defendant must be charged, tried and convicted of each separate violation. He must be granted the opportunity to defend himself against each separate offense.

Petitioner was afforded due process rights with respect to only one violation of 15-57-102, MCA. The other violations were never properly prosecuted. Therefore, petitioner was properly convicted of only one violation. We cannot ignore this plain error. We reduce petitioner's fine to $200.00, which was the Justice Court's imposed penalty for one violation.

Petitioner has served at least fifty-two days in jail, at a rate of $10.00 per day. Petitioner has satisfied the total fine properly assessed against him, as well as his one day sentence for contempt of court.

The temporary stay of execution of petitioner's sentence we ordered September 2, 1982, is now deemed permanent.

Petitioner is forever removed from any custody resulting from the February 9, 1979, order of the Justice Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

-6-