No. 84-03

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

                    Plaintiff and Respondent,

    -vs-

GALE C. ABRAMS,

                    Defendant and Appellant.

APPEAL FROM:  District Court of the Sixteenth Judicial District,
              In and for the County of Rosebud,
              The Honorable Arthur B. Martin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        George T. Radovich, Billings, Montana

    For Respondent:

        Mike Greely, Attorney General, Helena, Montana
        S. Charles Sprinkle, Deputy County Attorney,
        Forsyth, Montana

                        Submitted on Briefs:  March 23, 1984

                                    Decided:  May 9, 1984

Filed: MAY - 9 1984

_____
            Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant appeals the judgment of the Sixteenth Judicial District Court (Rosebud County) finding him guilty of misdemeanor criminal contempt under section 45-7-309, MCA. We reverse and dismiss.

Abrams was convicted in district court, on appeal from justice court, of a misdemeanor game offense and was ordered to pay a fine of $300.00 within 90 days. Abrams presented a document entitled "Public Office Money Certificate" to the Clerk of Court within the time period. The Clerk subsequently discovered the document was not a negotiable instrument. Abrams was then notified that payment was still due, but the fine was never paid.

After the expiration of the 90 days, the Rosebud County Attorney filed an information with the district court charging Abrams with criminal contempt under section 45-7-309, MCA. Throughout this action defendant has maintained that the district court lacked jurisdiction. We agree.

The crime of contempt as defined in section 45-7-309 is a misdemeanor. The crime is an offense against society and the action is brought by the State.

In contrast, the courts of this State have a power to enforce their judgments and maintain decorum and respect in judicial proceedings. This contempt power is part of the judicial power conferred by Article VII, Section 1 of the Montana Constitution and is specifically enumerated in sections 3-1-501-523, MCA. Under this power a court may sua sponte find a person in either civil contempt or criminal contempt of the court's authority. Thus it has been said that "jurisdiction to punish a contempt rests solely in the

2

contemned court; no court can try a contempt against another." Gonzales v. District Court (Colo. 1981), 629 P.2d 1074, 1076.

The State maintains that the latter rule also applies to criminal contempt actions brought by the State pursuant to section 45-7-309, MCA. This argument must fail. Criminal contempt as defined in this statute is a wrong against society. The criminal action is totally independent of the case out of which the contempt arose. The contemned court's jurisdiction does not extend from the original case to this new and independent matter.

A misdemeanor criminal contempt action, like most other misdemeanors punishable by up to 6 months in jail or $500.00 or both, may only be brought in the Justice Court. Sections 3-10-303(1), 3-5-302(1)(d), (2), MCA.

The State argues the Justice Court's power to punish for contempt is limited by sections 3-10-401, 404, MCA. Again, these statutory provisions apply only to the judicial contempt power vested in the courts by the constitution and statutes. They cannot be construed to limit the Justice Court's power to try and sentence for the misdemeanor "criminal contempt" found in the penal code.

It is unnecessary to reach any of the other issues raised. We hold the District Court has no jurisdiction over the matter. The case is dismissed.

Justice

3

We concur:

_Franl S. Haswell_
Chief Justice

_John Conway Harrison_

_Daniel J. Shea_

Justices


Mr. Justice L.C. Gulbrandson specially concurring.

    I concur in the result.

_L.C. Gulbrandson_
Justice

4