**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank H. LEIDENDEKER,
Defendant-Appellant.**

No. 85–5120.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 1985 *.

Decided Jan. 6, 1986.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

―――――――――

Bruce Castetter, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

James M. MaCabe, San Diego, Cal., for defendant-appellant.

Before BROWNING, WIGGINS and BRUNETTI, Circuit Judges.

PER CURIAM.

Frank H. Leidendeker appeals his conviction on four counts of violating 26 U.S.C. § 7203 (1982) by failing to file lawful tax returns for 1974 through 1977. We find each of Leidendeker's arguments to be without merit and affirm his conviction.

## FACTS

Leidendeker did not file tax returns for 1976 or 1977. He filed a return for 1975, but that return contained only his name, address, and a blanket objection to the form of the return on the ground that it might tend to incriminate him in violation of the first, fourth, fifth, ninth, and fourteenth amendments to the United States Constitution. Leidendeker claims that he filed a return for 1974 similar to the one filed for 1975, but Internal Revenue Service records indicate that he did not file a return for 1974.[1] Leidendeker stipulated that he had sufficient gross income for the years in question to be required to file a return.

Leidendeker was indicted by a federal grand jury on four counts of failure to file a tax return in violation of 26 U.S.C. § 7203 (1982). Leidendeker's motion to dismiss the indictment on the ground that he was selectively prosecuted was denied, and Leidendeker was convicted on all four counts. On each count, he was sentenced

to thirty days in prison and fined $1,000. The custody portion of the sentence for counts two through four was suspended, and Leidendeker was placed on three years probation.

## STANDARD OF REVIEW

 The validity of an exercise of fifth amendment privilege is a question of law and is reviewed *de novo. United States v. Turk,* 722 F.2d 1439, 1440–41 (9th Cir. 1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 86, 83 L.Ed.2d 33 (1984). The facts upon which a district court bases its denial of a motion to dismiss for selective prosecution are reviewed under the clearly erroneous standard. *United States v. Christopher,* 700 F.2d 1253, 1258 (9th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983).

## DISCUSSION

 Leidendeker's claim that his failure to file lawful returns is protected by the fifth amendment is without merit. We have repeatedly held that the privilege against self-incrimination does not justify a complete failure to file a return and may be asserted on a filed return only in response to specific questions on the return. *E.g., United States v. Turk,* 722 F.2d 1439, 1441 (9th Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 86, 83 L.Ed.2d 33 (1984); *United States v. Neff,* 615 F.2d 1235, 1238 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980).

 Leidendeker's claim that his conviction must be overturned because he was selectively prosecuted is also without merit. Leidendeker has the burden of proof on this issue and must prove (1) that others similarly situated are generally not prosecuted for the same conduct and (2) that he was selected for prosecution on impermissible grounds, such as race, religion or the exercise of a constitutional right. *United States v. Wilson,* 639 F.2d 500, 503 (9th Cir.1981); *United States v. Erne,* 576 F.2d

―――――――――

1. Whether Leidendeker filed a 1974 return similar to the one filed in 1975 or did not file a return is irrelevant. Both are insufficient to raise his constitutional claims.

212, 216 (9th Cir.1978). Leidendeker has not proven that others who do not file lawful tax returns are not prosecuted.

Leidendeker's final claim is that he was entitled to an administrative conference with the IRS before his case was recommended for criminal prosecution. This claim is also without merit. A taxpayer does not have a right to an administrative conference before his case is recommended for prosecution unless he requests such a conference. *Einhorn v. DeWitt,* 618 F.2d 347, 348–49 (5th Cir.1980); 26 C.F.R. § 601.107(b)(2) (1985).[2] Leidendeker does not claim that he requested an administrative conference and there is no evidence in the record that he ever made such a request.

## CONCLUSION

Leidendeker's conviction is AFFIRMED.

---

**2.** 26 C.F.R. § 601.107(b)(2) (1985) provides in pertinent part:

A taxpayer who may be the subject of a criminal recommendation will be afforded a district Criminal Investigation conference when he requests one or where the Chief, Intelligence Division, makes a determination that such a confer-

ence will be in the best interest of the Government. . . .

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).