# MARY ANN GILLISPIE, Petitioner,

## v.

# JUDGE JEFFREY SHERLOCK, Montana First Judicial District Court, CHUCK O'REILLY, Lewis and Clark County Sheriff, Respondents.

No. 96-237.
Ordered June 4, 1996.
53 St.Rep. 507.
279 Mont. 21.
929 P.2d 199.

22

## ORDER AND OPINION

■ Mary Ann Gillispie (Gillispie) filed a petition for writ of habeas corpus after she was found in contempt of court and incarcerated for an indefinite period by the First Judicial District Court, Lewis and Clark County, for failing to file state income tax returns. The Montana Department of Revenue filed a response. We note that a contempt proceeding may be reviewed under a petition for writ of habeas corpus if the person seeking review is incarcerated at the time of filing the petition for writ of habeas corpus. *Crane v. State* (1982), 200 Mont. 280, 283, 650 P.2d 794, 796.

The issue presented for review is whether the District Court had jurisdiction pursuant to §§ 15-30-316 and 3-1-501 through -523, MCA, to imprison Gillispie for civil contempt of court until she filed her Montana Individual Income Tax returns.

### Background

In August and September 1995, pursuant to § 15-30-316, MCA, the Montana Department of Revenue (the Department) sent Mary Ann Gillispie two demand and notice letters demanding tax returns for the years 1991 through 1994. On December 11, 1995, the Department filed a petition to show cause with the First Judicial District Court, Lewis and Clark County, requesting a hearing at which Gillispie, a Montana resident, must show cause why she had failed to file 1991, 1992, 1993 and 1994 Montana Individual Income Tax returns. On December 18, 1995, the court ordered Gillispie to file her returns or to show cause for her failure to do so, and set a hearing for February 2, 1996.

At the hearing, Gillispie appeared pro se and argued that she did not have to file tax returns or be considered a taxpayer. The Department introduced W-2 forms as evidence that Gillispie's incomes for the years 1991 through 1994 were $19,886, $21,535, $20,580, and $22,934, respectively. The District Court found on February 2, 1996, that Gillispie had failed to file Montana Individual Income Tax returns for 1991 through 1994 as required by § 15-30-142, MCA, and ordered Gillispie to file her returns by March 3, 1996. On March 29, 1996, the Department moved that Gillispie be found in contempt of court for not obeying the order.

At the contempt hearing, the court informed Gillispie that she could either sign a Department stipulation that she would file the returns or go to jail until she agreed to file them. Gillispie refused to sign the stipulation or file the returns, claiming that to do so would violate her Fifth Amendment right against self-incrimination. On May 9, 1996, the District Court, citing § 15-30-316 and §§ 3-1-501 through -523, MCA, as authority, found Gillispie in contempt of court for failure to file returns and ordered her confined in the Lewis and Clark County Jail until she filed the returns. On the same day, Gillispie filed a petition for writ of habeas corpus with this Court.

## Discussion

Did the District Court have jurisdiction pursuant to §§ 15-30-316 and 3-1-501 through -523, MCA, to imprison Gillispie for civil contempt of court until she filed her Montana Individual Income Tax returns?

This Court's review of contempt proceedings is limited to whether the lower court had jurisdiction to issue the contempt order and whether there is evidence to support the order. *State ex rel., Foss v. District Court* (1985), 216 Mont. 327, 701 P.2d 342.

Section 15-30-316(7), MCA, grants a district court jurisdiction to order a taxpayer to file a tax return. The statute also gives the district court jurisdiction to find a person not complying with such an order in contempt. The statute states:

> Upon finding by a preponderance of the evidence that the taxpayer has not filed the return or report as required by law, the court may issue a further order compelling the filing of the return or report, and the taxpayer's failure to comply with the order may thereafter be proceeded against as a contempt.

Courts have the power to enforce their judgments, orders or process through their power of contempt. This power, conferred by Article VII, Section 1 of the Montana Constitution, is also enumerated in §§ 3-1-501 through -523, MCA. A court may *sua sponte* find a person in contempt of court. *State v. Abrams* (1984), 209 Mont. 508, 680 P.2d 585. A contempt proceeding may be either civil or criminal. See §§ 3-1-501(1)(e) and (2), and 45-7-309, MCA. A district court has jurisdiction to issue a contempt order. See § 3-5-302, MCA.

Gillispie's contempt of court is civil contempt. Gillispie refused to comply with a valid district court order requiring her to file Montana tax returns. The District Court used its contempt authority, as enumerated in the Montana Constitution and in §§ 3-1-501

through -523, MCA, to enforce its order. We conclude that the First Judicial District had jurisdiction to order Gillispie to file her tax returns and also had jurisdiction to find her in civil contempt for refusing to do so.

■ We now determine whether there was sufficient evidence to support the District Court's contempt order. Gillispie's obligation to file tax returns is clear from the record. For each of the years 1991, 1992, 1993, and 1994, Gillispie received a gross income in excess of the minimum amount established under § 15-30-142, MCA. In its petition for order to file individual tax returns, the Department submitted evidence that Gillispie, a Montana resident, earned gross income of $19,886, $21,535, $20,580, and $22,934, respectively, for the years 1991 through 1994.

Section 15-30-142, MCA, requires an individual to file a tax return. Section 15-30-142(1), MCA, states in part:

> Each single individual and each married individual not filing a joint return with a spouse and having a gross income for the tax year of more than $1,500, as adjusted under the provisions of subsection (7), and married individuals not filing separate returns and having a combined gross income for the tax year of more than $3,000, as adjusted under the provisions of subsection (7), are liable for a return to be filed on forms and according to the rules that the department may prescribe.

There is sufficient evidence to support the District Court's civil contempt order. Gillispie had gross income sufficient to require her to file tax returns as required by § 15-30-142, MCA. Pursuant to § 15-30-316(7), MCA, the District Court had the power to hold Gillispie in contempt of court to compel her to file tax returns as required by law.

■ One possible defense to the contempt proceeding against Gillispie is that a contemner's inability to perform an act required by the court is a defense to contempt. See *State v. Second Judicial Dist. Court* (1935), 99 Mont. 209, 41 P.2d 1113. However, the District Court, in its warrant of commitment, made a specific finding that Gillispie was able to file her returns. Because Gillispie has the ability to file her tax returns or to sign a stipulation agreeing that she will do so at a specific later date, Gillispie has no defense for her contempt of court.

■ Gillispie argues that her Fifth Amendment right against self-incrimination was violated when she was required to either file her Montana tax returns or face contempt of court. We disagree.

 The privilege against self-incrimination does not justify an outright refusal to file any income tax return at all. *United States v. Sullivan* (1927), 274 U.S. 259, 263, 47 S.Ct. 607, 607, 71 L.Ed. 1037, 1039. "[A defendant cannot] draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law." *Sullivan*, 274 U.S. at 264, 47 S.Ct. at 603, citing *Mason v. United States*, 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed.2d 1198.

 The Fifth Amendment privilege against self-incrimination cannot be used as a method of evading payment of lawful taxes. *Edelson v. C.I.R.* (9th Cir. 1987), 829 F.2d 828, 832. The privilege against self-incrimination does not justify a complete failure to file a return and may be asserted on a filed return only in response to specific questions on the return. *United States v. Leidendeker* (9th Cir. 1986), 779 F.2d 1417, 1418.

Gillispie cannot use the Fifth Amendment as a shield justifying her refusal to file her Montana income tax returns. She must demonstrate the specific portions of the returns which would result in self-incrimination. The Fifth Amendment is not a justification for failing to file tax returns at all.

## Conclusion

The District Court had jurisdiction to find Gillispie in civil contempt for failing to file her tax returns. Sufficient evidence supports the court's findings that Gillispie had gross income requiring her to file tax returns. The court did not abuse its discretion when it exercised its contempt power and ordered Gillispie to be imprisoned in the Lewis and Clark County Jail until she filed her 1991, 1992, 1993 and 1994 Montana Individual Income Tax returns. Furthermore, Gillispie cannot use the Fifth Amendment as a means to evade filing her returns.

IT IS THEREFORE ORDERED that Gillispie's petition for Writ of habeas corpus is denied.

DATED this 4th day of June, 1996.

/S/ J. A. TURNAGE, CHIEF JUSTICE
/S/ KARLA M. GRAY, JUSTICE
/S/ CHARLES E. ERDMANN, JUSTICE
/S/ WILLIAM E. HUNT, SR., JUSTICE
/S/ JAMES C. NELSON, JUSTICE
/S/ W. WILLIAM LEAPHART, JUSTICE

JUSTICE TRIEWEILER dissents from the Court's order and opinion for the following reasons:

Mary Ann Gillispie had a right to counsel at the hearing which resulted in her imprisonment. If she could not afford to retain counsel she had a right to have one appointed to represent her at public expense. The District Court made little or no effort to determine whether she could afford to retain her own attorney. Therefore, I would grant her petition, order that she be released immediately, and remand this case for further proceedings to determine whether she is, in fact, entitled to the appointment of a public defender.