Nash v. Frank

Decided Jan. 8, 1998

(NOT TO BE CITED AS AUTHORITY)

No. 97-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 3N

JENA MARIE NASH,

Petitioner/Appellant,

vs.

DEAN CRAIG FRANK,

Respondent/Respondent.

APPEAL FROM:   District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Suzanne C. Smith, Marshall & Smith, Bozeman,

Montana; Peggy Probasco, Child Support Enforcement

Division, Butte, Montana

For Respondent:

Dean Craig Frank, Billings, Montana (pro se)

Submitted on Briefs: December 23, 1997

Decided:  January 8, 1998

Justice James C. Nelson delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   This is an appeal from the Eighteenth Judicial District Court's Findings of Fact, Conclusions of Law and Order entered July 14, 1997, on the motions for modification of child support and for contempt filed by Jena Marie Nash (Jena) against Dean Craig Frank (Dean) on April 3, 1997.  We affirm.

## BACKGROUND

¶3   On June 29, 1987, Dean was ordered to pay child support of $75 per month to Jena for the parties' minor child, M.N., born September 29, 1985.  This sum was to be paid by the 15th day of each month in a timely manner.  On June 12, 1996, the Montana Child Support Enforcement Division (CSED) filed a notice of statutory interest based on services it was providing to Jena.  Jena's motion for modification of child support and supporting affidavit alleged that her circumstances had changed for the worse and that Dean's circumstances had changed for the better thus justifying him paying $245 per month child support.  Her motion for contempt alleged that Dean was $52.41 in arrears on his support obligation.  Jena's motions were heard on May 27, 1997.  The parties appeared and testified.

¶4   Based upon the evidence presented at the hearing and upon the record, the District Court found that Dean was, in fact, in arrears $52.41 in his support obligation.  Dean conceded this, but testified that the arrearage was due to a bookkeeping error between

the states of Montana and California. The court subsequently determined that, according to CSED, Dean was current in his child support obligation through June 1997. Accordingly, the District Court held Dean in contempt, but also found that he had purged himself of the contempt by bringing his child support current.

¶5 The court also found that Dean was providing $100 per month child support for another child and that he was working 36 hours per week as a critical care aide for St. Vincent's Hospital in Billings, earning $8.17 per hour during the summer. The court found that Dean's hours were variable. The court also found that Dean was attending nursing school at Montana State University full time and that during the school year he did not work but lived on grants and student loans netting him $1,200 per semester. The District Court concluded that the Child Support administrative regulations, specifically 46.30.1513(2)(d)(iii), ARM, did not require that the court impute full time hours to a student currently engaged in and making reasonable progress towards an educational program which will provide greater economic benefit to him and his children. Accordingly, based upon this evidence and record, the court determined that Jena had failed to show a change in circumstances justifying modification of Dean's child support obligation. The court also denied Jena's request for attorney fees and costs.

## DISCUSSION

¶6 On appeal Jena contends that the District Court erred in re-calculating child support; in refusing to hold Dean in contempt for being in arrears in his child support; and in refusing to award her attorney fees and costs.

¶7 Our standard of review on the support modification issue is set out in In re Marriage of Widhalm (1996), 279 Mont. 97, 100, 926 P.2d 748, 750:

In child support modification cases, this Court will

review a district court's findings of fact to determine

whether they are clearly erroneous. We will review a

district court's conclusions of law to determine whether the interpretation of the law was correct. We will review a district court's overall decision regarding modification of child support to determine whether the court abused its discretion. [Citations omitted.]

"This Court's review of contempt proceedings is limited to whether the lower court had jurisdiction to issue the contempt order and whether there is evidence to support the order." Gillispie v. Sherlock (1996), 279 Mont. 21, 24, 929 P.2d 199, 200 (citation omitted). "A district court's determination regarding attorney's fees will not be disturbed in the absence of an abuse of discretion." In re Marriage of Walls (1996), 278 Mont. 413, 420, 925 P.2d 483, 487 (citation omitted).

¶8 We have carefully reviewed the record and transcript of this proceeding, and, applying these standards of review, we find no reversible error in the trial court's decision. The court's findings of fact are based upon substantial evidence and are not clearly erroneous; its legal conclusions are correct; we find no abuse of discretion in its overall decision; and we find no abuse of discretion in the court's refusal to award Jena attorney fees and costs where she did not obtain the relief which she sought.

¶9 On the support modification issue, Jena argues that, while he was a student at the time of the hearing, Dean is no longer a student. Even assuming, arguendo, that allegation is true, it is a matter outside of the record and evidence presented to the District Court and was not before the court when it made its decision. Accordingly, we will not hold the trial court in error on that basis. Jena also argues that, even though he was a student, the court should have imputed income to Dean pursuant to 46.30.1513, ARM, for willful failure to support his son. However, aside from the hearsay testimony of Dean's girlfriend to the effect that Dean told her that he kept wages paid by his father in his

father's account so as to avoid paying child support, there is no other evidence supporting Jena's allegation. More importantly, it was within the court's purview whether to believe this testimony or not. Additionally, while Jena argues in general terms that M.N. is older and needs more support, she failed to present any evidence as to the specific expenses justifying the requested increase--assuming that Dean was able to pay increased support, which the court concluded he was not.

¶10 In this regard, Dean presented Child Support Guideline Worksheets showing him owing a net monthly support obligation of $41 per month, based upon his income. Given that his support obligation had been previously set at $75 per month, the court's decision not to increase Dean's support obligation is consistent with the Guidelines. Moreover, the court correctly refused to impute income to Dean since he was a full time student engaged in and making reasonable progress towards an educational program (nursing) which will provide greater economic benefit to him and his children. 46.30.1513(2)(d)(iii), ARM. We find no abuse of discretion in the trial court's overall decision on this issue.

¶11 As to the contempt issue, we conclude that the District Court did not err. Dean conceded that he was $52.41 in arrears, but maintained that this was because of a bookkeeping error between the states of Montana and California. Importantly, he testified that he would pay off the arrearage from his employment, and according to the court, he did so by the time the court issued its decision. Contrary to Jena's contention that it failed to grant her motion for contempt, the court did find Dean in contempt, but concluded that, by paying the arrearage, he purged himself of the contempt. We find no error in the court's decision on this matter.

¶12 Finally, under Sec. 40-4-110, MCA, the court has discretion to award attorney fees and costs. Given that Jena did not prevail in obtaining the relief which she sought, we find no abuse of discretion in the court's refusal to award attorney fees and costs in this case.

¶13 Affirmed.

/S/  JAMES C. NELSON

We Concur:

/S/  J. A.  TURNAGE
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY