

ORIGINAL

FILED

04/30/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0246

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0246

ROBERT EUGENE WILLIAMS,

      Petitioner,

v.

SHERYL ZIEGLER, Commander, Missoula
County Detention Facility,

      Respondent.

**O R D E R**

FILED

APR 3 0 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Robert Eugene Williams, via counsel, has filed a Petition for Writ of Habeas Corpus, alleging he is unlawfully detained. On April 17, 2024, the Fourth Judicial District Court, Missoula County, Hon. Robert L. Deschamps, III, presiding, held a hearing on its Order to Show Cause as to why Williams should not be found in contempt of a previous order of that court that ordered Williams to return $75,000 that he removed from a trust or trusts of which he was Trustee. The court ultimately found Williams in contempt and ordered him taken into custody until $75,000 is deposited with the Office of the Missoula County Clerk of Court. The District Court issued a written order to this effect that same day.

Williams now challenges that order on petition for writ of habeas corpus. He alleges that he has filed for bankruptcy and he does not have $75,000. He argues that Judge Deschamps has "essentially put [him] in debtor's prison because he cannot pay this debt." He further alleges that the court had insufficient evidence to find that Williams had any of these funds in his possession.

A contempt proceeding may be reviewed under a petition for writ of habeas corpus if the person seeking review is incarcerated at the time of filing the petition for writ of habeas corpus. *Gillispie v. Sherlock*, 279 Mont. 21, 929 P.2d 199 (1996) (citing *Crane v. State*, 200 Mont. 280, 283, 650 P.2d 794, 796 (1982). Since Williams is presently

incarcerated, we review the contempt proceeding at issue here. Our review of contempt proceedings is limited to whether the lower court had jurisdiction to issue the contempt order and whether there is evidence to support the order. *Gillispie*, 279 Mont. at 24, 929 P.2d at 200 (citing *State ex rel. Foss v. District Court*, 216 Mont. 327, 701 P.2d 342 (1985)). In this case, Williams challenges whether there is evidence to support the court's order.

We conclude that Williams has not met his burden of demonstrating a prima facie case for habeas corpus relief as required by *Miller v. Eleventh Jud. Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. In this case, Williams has made no showing of a violation of the automatic bankruptcy stay. Although Williams offers some checking account statements to this Court, he does not assert that this is his sole asset nor provide verification of these exhibits. Furthermore, his petition cites to no legal authority in support of his arguments. M. R. App. P. 14(5)(b)(iii). He has therefore failed to persuade this Court that he is entitled to relief.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is DENIED.

The Clerk is directed to provide a copy of this Order to all counsel of record and to Robert Eugene Williams personally.

DATED this 30th day of April, 2024.

_____

_____

_____

_____

_____
Justices

2